# CASES

## ARGUED AND DETERMINED

IN

# THE SUPREME COURT

OF

# THE STATE. OF MISSOURI,

### AUGUST TERM, 1867, AT ST. JOSEPH.

STATE *ex rel.* PRIOR M. JACKSON, Plaintiff, *v.* THE COUNTY COURT OF HOWARD COUNTY, Defendants.

1. *Constitution — Officer—Commission—Elections.*—In issuing a commission under the provisions of the Constitution, the Governor is not precluded from looking beyond the certificate of election, and may determine for himself who was the person duly and legally elected to the office, and the commission when issued is presumptive evidence that the person holding it is lawfully entitled to the office.

2. *Courts—Jurisdiction—Duties, Ministerial and Judicial.*—The judges of the County Court in approving the bond of the sheriff as collector of the revenue act in a ministerial capacity, having authority only to exercise a rea-sonable discretion in passing upon the sufficiency of the security offered.—*Ante* State ex rel. Adamson v. Lafayette Co. Ct., p. 221.

3. *Mandamus — Supreme Court —Jurisdiction.*—The Supreme Court will not in the first instance direct a County Court to approve a bond tendered by a party claiming to hold the office of sheriff and collector of the revenue, the County Court not having officially passed upon the sufficiency of the bond ; and if the alternative writ be so framed as peremptorily to require such approval, the peremptory mandamus will be refused. The alternative writ should be so framed as to require the County Court to pass upon the suffi-ciency of the bond.

4. *Sheriff—Officer — Bond—Revenue—Quo Warranto.*—The statute requiring the sheriff to give bond within fifteen days is directory, and does not impose a condition precedent to the party's title to the office.—State ex rel. Att'y Gen'l v. Churchill, *ante* p. 41. The County Court must accept the commis-

sion issued by the Governor as evidence of the title to the office of sheriff in the party named ; and having refused to recognize such party as sheriff and to pass upon the sufficiency of the bond tendered by him, it has no authority subsequently to declare the office vacant and order a new election. If the party holding the commission was not legally elected, the opposing claimant can have the question tested by the proper process of *quo warranto* to oust the incumbent and to restore him to his rightful place.

### Application for Mandamus.

Attorney-General, and *A. F. Denny*, for plaintiff.

I. This court is the general guardian of the public rights, and, in exercise of its authority to grant the writ, will render it, so far as it can, the suppletory means of substantial justice in every case when there is no specific legal remedy for the legal right.

The right of the court to apply this means for the attainment of such end, and prevent that defeat of legal justice which might otherwise ensue, has been generally admitted— Tapp. on Mand. 95 et seq., and authorities cited ; Cin. W. & L. R.R. Co. v. Comm'rs Clinton Co., 1 Ohio, 77.

In this case there is no specific remedy for the wrong complained of other than the writ of mandamus ; an appeal from the orders of the County Court in the premises would not lie. —Hixon case, *ante* p. 210 ; State ex rel. Adamson v. Lafayette Co. Ct., *ante* p. 221. No suit for damages against the individuals who compose the County Court, if such suit could be maintained, would suffice to enforce the petitioner's legal right to the office.

II. This court has the power to supervise and correct the proceedings of the County Court, notwithstanding the discretionary power confided therein, as regards the approval of the collector's bonds, provided that the power is shown to have been abused. The "discretion" spoken of must be a sound, legal discretion, and must not be used in an arbitrary, corrupt, or oppressive manner ; if otherwise, this court will interfere.—Tapp. on Mand. 12–14, and notes ; Rex v. Justices of Wiltshire, 10 East, 404, *a.* ; State ex rel. Essen v. Lewis, 10 Ohio, 128 ; Gulick v. New, 14 Ind. 93 ; Manor et

al. v. McCall, 5 Geo. 522; People v. Superior Ct. N. Y., 5 Wend. 114; Ricketts case, 1 Spencer (N. J.) 134; Platte Co. Ct. v. McFarland, 12 Mo. 166.

III. The petitioner Jackson having been appointed sheriff under the vacating ordinance, was entitled to hold the same until his successor was duly elected, commissioned and qualified—Const. art. 5, § 22; G. S. § 1, p. 138; State v. Lusk, 18 Mo. 333; State ex rel. Robinson v. Auditor, 38 Mo. 193.

IV. The petitioner bore the commission of the Governor, which was an investiture of the office of sheriff in him, and the only question before the court was the sufficiency of the bonds presented by him. The court had no legal right to determine the eligibility of Jackson to office, nor any other collateral question, no such power being conferred upon it by the law—St. Louis Co. v. Sparks, 10 Mo. 121; State ex rel. Jackson v. Auditor, 34 Mo. 383; Winston v. Auditor, 35 Mo. 146; State ex rel. Jackson v. Auditor, 36 Mo. 70; Douglass v. Wickwire, 19 Conn. 491; State ex rel. Bartley v. Governor, 39 Mo. 388; State ex rel. Epler v. Lewis, 10 Ohio, 129.

V. The County Court, being a court of inferior jurisdiction, must not only act within the scope of its jurisdiction, but it must appear on the face of its proceedings that it so acted, or its proceedings are *coram non judice* and void— Hunt v. Hapgood, 4 Mass. 122; Alber v. Ward, 8 Mass. 86; Den v. Turner, 9 Wheat. 541; Smith v. Rice, 11 Mass. 513; Williams v. Blunt, 2 Mass. 213; Powers v. People, 4 Johns. 292; Griffith v. Frazier, 8 Cr. 9; Den v. Harnden, Paine, 55; Dennis et al. v. Jeffries, 12 Ohio, 271; Stanley v. Bank N. America, 4 Dall. 11; Hall v. Howd, 10 Conn. 520.

HOLMES, Judge, delivered the opinion of the court.

The petitioner states that he was duly elected sheriff of the county of Howard at an election held on the 6th day of November, 1866, but that the certificate of election was refused him by the County Court, and was granted to one John L. Morrison, who was ineligible to the office; that said

Morrison entered upon the duties of the office without having received a commission from the Governor, and was ousted therefrom by the judgment of the Supreme Court at the July term, 1867, of the court; that on the 3d day of July thereafterwards the petitioner was duly commissioned as sheriff of said county, and that within fifteen days after his commission was received from the Governor he delivered to the clerk of the Circuit Court of said county good and sufficient bonds as sheriff and collector, and shortly afterwards presented his bond to the County Court for approval, and that the court refused to proceed to hear evidence as to the sufficiency of the bond and securities, and refused to regard him as the lawfully appointed sheriff, or to take any action upon his application.

It appears that the County Court declared the office of sheriff vacant, and ordered a new election, and appointed another person sheriff to fill the vacancy. The order of the court specifies the grounds and reasons of their action in the matter.

An alternative writ of mandamus was granted as prayed, commanding the County Court to approve the official bond of said Jackson as by him tendered as collector of Howard county, and to annul certain orders declaring the office of sheriff vacant, appointing another person to fill the vacancy, and ordering a new election.

The petitioner offered to produce evidence in this court as to the sufficiency of the bonds, which the court declined to hear, not deeming the question of the sufficiency of the bonds was a matter properly to be determined on this application.

The case is submitted upon the writ and return, and upon the evidence offered in support of the same. The questions of law to be decided arise upon the facts stated in the petition and admitted by the return. These questions, so far as necessary for the determination of the case as here presented, are essentially these: Whether the petitioner, by virtue of his election and commission from the Governor, was lawfully

entitled to claim the office of sheriff, and to demand of the County Court that they should proceed to hear his application for an approval of the bonds, and should approve them if found sufficient; whether the County Court had any lawful power to declare the office vacant, to appoint another person sheriff to fill the supposed vacancy, and to order a new election for the office of sheriff; and whether this court can make the rule absolute for a peremptory mandamus in accordance with the alternative writ.

On the first question, our opinion is that the commission from the Governor was conclusive evidence for the County Court, on this application for an approval of the bonds, that the applicant was the lawfully appointed sheriff. In granting a commission under the Constitution, it must be intended that the Governor shall decide for himself, upon the evidence before him, as to the question, what person has been duly elected to the office. It has been held to be the intention of the statute on the subject, that the officer elect will produce his certificate of election before the Governor as the proper evidence of that fact; but there is nowhere anything to preclude the Governor from looking beyond the certificate of election, or from looking through the whole history of the election and determining for himself who is the person lawfully and duly elected; and the commission, when issued, must be taken as at least *prima facie* evidence that the person holding it is lawfully entitled to the office. We are of the opinion that the County Court was bound to recognize the commission, and should have proceeded to examine into the sufficiency of the bonds offered for their approval, and to approve the bonds if the sureties were found to be sufficient.

In the case of Adamson v. The County Court of Lafayette, decided at the last term of this court, it was held that the duties of the County Court in this respect were partly judicial and partly ministerial in their nature; that the County Court had a discretion as to the sufficiency of the bonds offered for their approval, which must be exercised in a lawful

manner upon the facts presented ; and that this court would exercise a superintending control over that discretion so far as to compel the court to proceed according to a sound and just discretion, and to prevent the exercise of it in an unjust and arbitrary manner ; but that this court would not undertake to judge of that matter in the first instance, but would only command the court to proceed in the performance of their official duty. The alternative writ in this case is so framed as to require us to order the County Court peremptorily to approve these bonds as tendered to them. This is asking more than we have the power to do—People v. Baker, 35 Barb. 106.

If the alternative writ had been merely that the court should be directed to proceed and act upon the application made, and to hear the evidence offered as to the sufficiency of the bonds or the sureties, and to approve them if found to be sufficient, the peremptory mandamus would have been granted. In the form in which it is here prayed for, it must be refused.

As to the other question, we are of opinion that the County Court had no lawful authority to declare the office vacant upon the existing state of facts. The certificate of election had been granted to another person, who had filed his bonds and actually entered upon the duties of the office, though without a commission. The County Court had refused to recognize the petitioner as the person elected sheriff. It would have been useless for him to offer to give bonds. The statute supposes that the sheriff re-elected will regularly obtain his certificate of election and give his bond within fifteen days thereafter.

We do not think it can have any application to a case of this kind. Here the commission must be regarded as the evidence of election and as the appointment to the office ; and the petitioner offered his bonds within fifteen days after he received his commission. The statute in this respect must be regarded as merely directory. It was held in the case of the State ex rel. Att'y-Gen'l v. Churchill, (decided at the

March term, 1867—*ante* p. 41,) that the matter of filing the bonds within the time directed by the statute was directory only, and not a condition precedent to the party's title to the office, and that a failure to file the bond within the time prescribed did not forfeit his right to the office ; and the action of the County Court in that case declaring the office vacant, and appointing another person to the office, we regard as having been without the authority of law and a mere nullity.

It is very probable that if the petitioner had duly received his certificate of election, and had then wholly failed to present any bonds at all, whereby the office might have become practically vacant, the court might have had jurisdiction to declare it vacant and appoint another; but nothing of this kind was done. There is no attempt to treat the office as vacant until the petitioner presents his commission and exhibits his bonds for approval, and then the court refuses to proceed or to regard him as the lawfully appointed sheriff. In this we think the court was clearly in error. It must follow that the action of the court declaring the office vacant, appointing another sheriff, and ordering a new election, was without the authority of law and void.

We think the petitioner should have been recognized as the lawful sheriff; that his bonds should have been examined, and if found sufficient should have been approved, and the petitioner allowed to enter upon the duties of the office. If there be any other person claiming the office, he has a remedy provided by law for establishing his rights, and if he could show a superior title to the office, a proceeding by *quo warranto* would oust the incumbent and restore him to his rightful place. But we are of the opinion that the County Court has no jurisdiction to sit in judgment upon such matters.

For the reason that the alternative writ (which cannot be amended) requires a larger order than it is proper for the court to grant in this case, the peremptory mandamus must be refused. The other judges concur.