BERGHOLM ET AL. *v.* PEORIA LIFE INS. CO.

No. 297.   Argued January 18, 1932.—Decided February 15, 1932.

*Mr. E. L. Klett,* with whom *Mr. Tom Connally* was on the brief, for petitioners.

*Mr. J. I. Kilpatrick,* with whom *Mr. J. B. Wolfenbarger* was on the brief, for respondent.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

This is an action brought to recover the sum of $5,000 life insurance and specified disability benefits upon a policy issued by the respondent to Carl Oscar Bergholm on March 13, 1926.   Judgment upon a verdict for peti-

tioners in the trial court was reversed by the court of appeals. 50 F. (2d) 67. We granted certiorari because of a supposed conflict with *Minnesota Mut. Life Ins. Co. v. Marshall*, 29 F. (2d) 977.

Beginning with February 27, 1927, premiums were to be paid quarterly, with a grace period of one month from any due date, during which period the policy was to continue in full force. In case of total and permanent disablement there was a provision for payment of a monthly income for life of one per cent. of the amount of the principal sum. The policy expressly provided that "if any premium is not paid on the date when due, this policy shall cease and determine, except as hereinafter provided." The "income disability" clause, which follows this language, provides:

"Upon receipt by the Company of satisfactory proof that the Insured is totally and permanently disabled as hereinafter defined the Company will

"1. Pay for the Insured all premiums becoming due hereon after the receipt of such proof and during the continuance of the total and permanent disability of the Insured and will also

"2. Pay to the Insured a Monthly Income for life of 1% of this Policy; The first payment of such income to be paid immediately upon receipt of such proof . . . .

"3. . . . To entitle the Insured to the above Total and Permanent Disability Benefits this policy at the time of making claim for such benefits must be in full force and all premiums becoming due prior to the time of making claim must have been duly paid . . ."

The insured died on April 18, 1929. Judgment was sought for disability benefits from December 1, 1927, to April 1, 1929, at the rate of $50 per month, with interest. The last premium paid was due on May 27, 1927. The next, allowing a month's period of grace, should have been paid not later than September 27, 1927. Neither that nor

any subsequent premium was ever paid. Long prior to the death of the insured, the policy, therefore, had lapsed, unless saved by the terms of the disability clause above quoted. There is evidence in the record from which it reasonably may be found that the insured was totally and permanently disabled from a time before the premiums first became in arrears, and that this condition continued until his death; but no proof thereof was furnished to the company.

The petitioners, nevertheless, contend that this is enough to bring into effect the promise of the company to pay the premiums which became due after the disability began. In support of this contention, *Minnesota Mut. Life Ins. Co.* v. *Marshall, supra,* is cited. The pertinent provisions of the policy there, however, differ from those found in the policy here under consideration. There the policy provided that if the insured, while the policy is in force and before default in payment of premiums, " shall become totally and permanently disabled . . . and shall furnish satisfactory proof thereof, the Company will waive the payment of premiums thereafter becoming due," and that " upon the receipt of due proof of total and permanent disabilities . . . the Company will waive the payment of all premiums thereafter becoming due." The court held that the waiver took effect at the time of the disability, and did not depend upon the time when proof thereof was furnished.

We do not need to controvert this construction of the words quoted, or question the soundness of the view of the court that the existence of the disability before the premium became in arrears, standing alone, was enough to create the waiver. In that view, the obligation to furnish proof was no part of the condition precedent to the waiver; but such proof might be furnished within a reasonable time thereafter. Here the obligation of the company does not rest upon the existence of the disability;

but it.is the receipt by the company of *proof* of the disability which is definitely made a condition precedent to an assumption by it of payment of the premiums *becoming due after the receipt of such proof.* The provision to that effect is wholly free from the ambiguity which the court thought existed in the Marshall policy. Compare *Brams v. New York Life Ins. Co.*, 299 Pa. 11, 14; 148 Atl. 855. It is true that where the terms of a policy are of doubtful meaning, that construction most favorable to the insured will be adopted. *Mutual Life Ins. Co. v. Hurni Co.*, 263 U. S. 167, 174; *Stipcich v. Insurance Co.*, 277 U. S. 311, 322. This canon of construction is both reasonable and just, since the words of the policy are chosen by the insurance company; but it furnishes no warrant for avoiding hard consequences by importing into a contract an ambiguity which otherwise would not exist, or, under the guise of construction, by forcing from plain words unusual and unnatural meanings.

Contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood, in the absence of ambiguity, in their plain, ordinary and popular sense. *Imperial Fire Ins. Co. v. Coos County*, 151 U. S. 452, 462–463. As long ago pointed out by this court, the condition in a policy of life insurance that the policy shall cease if the stipulated premium shall not be paid on or before the day fixed is of the very essence and substance of the contract, against which even a court of equity cannot grant relief. *Klein v. Insurance Co.*, 104 U. S. 88, 91; *New York Life Ins. Co. v. Statham*, 93 U. S. 24, 30–31; *Pilot Life Ins. Co. v. Owen*, 31 F. (2d) 862, 866. And to discharge the insured from the legal consequences of a failure to comply with an explicitly stipulated requirement of the policy, constituting a condition precedent to the granting of such relief by the insurer, would be to vary the plain terms of a contract in utter disregard of long-settled principles.

*Judgment affirmed.*