## SHEPHERD v. MUTUAL LIFE INS. CO. OF NEW YORK.

### No. 9555.

Circuit Court of Appeals, Eighth Circuit.

Feb. 17, 1933.

M. Danaher and Palmer Danaher, both of Pine Bluff, Ark., for appellant.

Frederick L. Allen, of New York City, and A. F. House and Rose, Hemingway, Cantrell & Loughborough, all of Little Rock, Ark., for appellee.

Before KENYON, GARDNER, and SANBORN, Circuit Judges.

GARDNER, Circuit Judge.

Appellant brought this action to recover on two life insurance policies, in which she was named as beneficiary, upon the life of her husband, Edgar Shepherd. For convenience, the parties will be referred to as they appeared in the lower court.

It is alleged in the complaint that, by section 10 of the two insurance policies in question, it was provided that payment of premiums for three full years would entitle the insured to nonparticipating continued term insurance for an additional term of 3 years and 323 days, and that the cash value of each of the policies, at the end of the third year, was $500.80; that it was provided by section 9 of each of these policies that, "'If any premium remain unpaid at the end of the days of grace, and if at least three full years' premiums have been paid, this policy will, without action on the part of the Insured, continue, as from the due date of such premium in default, as paid up non-participating term insurance, without Double Indemnity or Disability Benefits.'" It is also alleged that the insured had paid the first premiums and the premiums which became due on February 2, 1929, and February 2, 1930, and that he died in July, 1931.

The defendant, in its answer, in effect admitted the issuance of the policies and the payment of the premiums as alleged, but it is alleged that sections 9 and 10 were not effective in the policies as issued, because of certain provisions written in the policies, postponing the invoked sections until after a

period of five years, and that the policies, as issued, were five-year term insurance policies; that as such they had lapsed by reason of nonpayment of the premiums due February 2, 1931.

On stipulation of the parties, a jury was waived, and the action tried to the court. The plaintiff and defendant each requested declarations of law embodying their respective contentions. The court denied the declarations of law requested by plaintiff, granted those requested by defendant, and entered judgment of dismissal of the action, from which judgment plaintiff prosecutes this appeal.

The parties filed a written stipulation, admitting all the essential facts, including the issuance of the policies, payment of the premiums to February 2, 1930, and the failure to pay the premiums due February 2, 1931. The stipulation recites that, "If the court holds that sections 7, 8, 9, and 10, or any of them, as contained in said policies, became effective prior to February 2, 1933, then it is agreed that the policies were extended under the provisions of said section 10 for a period of three years and three hundred and twenty-three days following February 2, 1931."

■ It is the contention of appellant that sections 9 and 10 of the policies are repugnant to a clause appearing on page 4 thereof, thus giving rise to an ambiguity in the insurance policies, which should be construed most strongly in favor of the insured. United States Fidelity & Guaranty Co. v. Guenther, 281 U. S. 34, 50 S. Ct. 165, 74 L. Ed. 683, 72 A. L. R. 1064. This rule, however, is not to be invoked for the purpose of creating an ambiguity, but is applicable only when an ambiguity or inconsistency in fact exists. Bergholm v. Peoria Life Ins. Co., 284 U. S. 489, 52 S. Ct. 230, 76 L. Ed. 416; Firemen's Ins. Co. v. Lasker (C. C. A. 8) 18 F.(2d) 375; Callen v. Massachusetts Protective Ass'n (C. C. A. 8) 24 F.(2d) 694.

■ Insurance contracts are to be construed by the same rules as other contracts. It is not the province of the court to rewrite them for the parties, but to interpret the contract actually made according to the intention of the parties gathered from the written contract. Hawkeye Commercial Men's Ass'n v. Christy (C. C. A. 8) 294 F. 208, 40 A. L. R. 46; Whitney v. Union Central Life Ins. Co. (C. C. A. 8) 47 F.(2d) 861; Springfield Fire & Marine Ins. Co. v. National Fire Ins. Co. (C. C. A. 8) 51 F.(2d) 714, 76 A. L. R. 1287.

■■ The intention of the parties must be gathered from the entire instrument, and not from detached sections or provisions, because the meaning of no particular part can be determined without considering all the provisions of the contract as a whole. United States v. Ansonia Brass, etc., Co., 218 U. S. 452, 31 S. Ct. 49, 54 L. Ed. 1107; Rushing v. Manhattan Life Ins. Co. (C. C. A. 8) 224 F. 74; Uinta Tunnel, Mining, etc., Co. v. Ajax Gold Mining Co. (C. C. A. 8) 141 F. 563. The individual clauses invoked by plaintiff must therefore be considered in connection with all the other parts of the policy, and, if possible, every provision of the contract must be given effect. Rushing v. Manhattan Life Ins. Co. (C. C. A. 8) 224 F. 74; Canadian Northern Ry. Co. v. Northern Mississippi Ry. (C. C. A. 8) 209 F. 758.

■■ In any event, the insurance policies should be construed according to the sense and meaning of the language used. Gorman v. Fidelity & Casualty Co. (C. C. A. 8) 55 F. (2d) 4; Inter-Southern Life Ins. Co. v. Zerrell (C. C. A. 8) 58 F.(2d) 135. It goes without saying that there is no occasion for construction when the policy clearly fixes the meaning of the parties and the measure of the liability. Prudential Ins. Co. v. Wolfe (C. C. A. 8) 52 F.(2d) 537.

■■ With these general principles in mind, we turn to an examination of the provisions of these policies. As bearing upon the manifest intent of the parties, it is first observed that in the application, made a part of the policy, the insured himself states that the plan of insurance is "ordinary life with term insurance for five years." On the face of the policies it is recited that the premium shall be $217.20, payable annually on the 2d day of February, "until five full years' premiums shall have been paid, or until the prior death of the Insured, such premiums being for term insurance, and thereafter of the payment of the Ordinary Life premiums provided for in the endorsement on page 4 hereof." The indorsement referred to reads in part as follows: *"Five Year Term Insurance.*—It is agreed (a) that the insurance provided for under this Policy' prior to the second day of February 1933 is term insurance."

It is further recited that, *"Ordinary Life Insurance Following the Five Year Term Insurance.*—The insurance from the second day of February, 1933 shall be Ordinary Life Insurance, for which a first premium shall be due on said date and subsequent premiums on each second day of February thereafter until the death of the Insured. Each such premium shall be four hundred seventy-three and 80/100 dollars, etc."

Attached to each policy is a rider, on

which the following appears: "This Policy, after the end of the period of term insurance, will continue as Ordinary Life Insurance." Provision is then made for changing the term insurance to ordinary life, at the option of the insured, during the period of term insurance.

Section 9 of the policies, under which plaintiff contends she is entitled to recover, is set out in the complaint. Section 10 contains a table of cash and loan values and options on lapse, and indicates that, at the end of the third policy year, the policies would continue as paid-up nonparticipating continued term insurance for the amount of the policies, for 3 years and 323 days.

The policies, as has been observed from indorsements thereon and recitals therein, are policies of term insurance, and it is provided that they should be in force for a period of 5 years if the premiums for term insurance were paid each year, and thereafter, on the payment of the ordinary life premiums, the policy provides: "(a) That the insurance provided for under this Policy prior to the second day of February 1933 is term insurance, (b) that such date is the date from which the policy years, the number of years the Policy has been in force, and the numbers of years' premiums paid shall be reckoned for the purposes of the sections entitled 'Loans,' 'Cash Value,' 'Options on Lapse' and 'Table of Cash and Loan Values and Options on Lapse.'"

It is clear from the definite provisions of the policies that sections 7, 8, 9, and 10 did not become effective during the life of the term insurance, but only in the event the policies were continued in effect after February 2, 1933, as ordinary life policies. This construction of the policies gives effect to all their provisions and removes all their alleged ambiguities or conflicts. That two different classes of insurance were provided for is shown by the unambiguous provisions of the policies, and even the increased amount of the premiums which shall apply after the term insurance shall have expired, is set out in the policies; it being specifically provided that ordinary life insurance shall follow the five-year term insurance, and that the annual premiums on the ordinary life insurance shall be $473.80, instead of $217.20, the stipulated premium for term insurance.

We conclude that there is no ambiguity in these policies; that they were, when issued, policies of term insurance; that they were never converted into ordinary life insurance; that they lapsed for default in payment of the premiums prior to the death of the insured; and the lower court correctly held that no recovery could be had thereon.

The judgment appealed from is therefore affirmed.