## UNITED STATES GUARANTEE CO. v. WALSH CONST. CO.

### No. 9716.

Circuit Court of Appeals, Eighth Circuit.

Nov. 10, 1933.

Rehearing Denied Dec. 12, 1933.

Frederic M. Miller, of Des Moines, Iowa (Jesse A. Miller, of Des Moines, Iowa, and W. M. Chamberlin, of Davenport, Iowa, on the brief), for appellant.

Reuel B. Cook, of Davenport, Iowa (Edmond M. Cook and Walter M. Balluff, both of Davenport, Iowa, on the brief), for appellee.

---

Before GARDNER, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

## WOODROUGH, Circuit Judge.

In this case Walsh Construction Company brought action at law for damages on account of the alleged breach of a bond in the sum of $75,000 executed by the American Commercial & Savings Bank as principal and the United States Guarantee Company as surety, conditioned that the principal would faithfully keep, pay out, and account for all funds of said Walsh Construction Company that might come into its hands, the bond containing the following condition: "It is agreed that this bond does not cover certificates of deposit nor any other indebtedness from the principal to the said Walsh Construction Company not subject at all times to immediate withdrawal by the Walsh Construction Company." During the period covered by the bond the bank closed its doors owing the Walsh Construction Company an amount largely in excess of the bond, but on account of funds which were deposited in savings account and were not subject to checking or withdrawal at all times. By section 9179 of the Code of Iowa it was provided that: "Savings banks may require sixty days' written notice of the withdrawal of savings deposits, but when there are sufficient funds on hand the officers thereof may, in their discretion, waive this requirement."

The American Commercial & Savings Bank was a bank of discount and deposit, and also a savings bank, under the laws of Iowa, and section 9179 was applicable to it. Pursuant to the authority vested in it by this statute the bank had adopted certain by-laws, one section of which provided in reference to the deposits of money in savings accounts: "The bank also reserves the right to withhold the payment of deposits until the expiration of sixty days notice, given in writing by the depositor, of his or her intention to withdraw his or her deposits. Any notice so given will become ineffective after ten days after expiration of the sixty day period. The bank may, so far as it is found advisable, pay without notice any depositors who wish to withdraw their deposits. Payments made from time to time by the bank without notice shall not constitute a waiver of notice." At the opening of the bank on the 29th day of September, 1931, the construction company had $437,933.75 on deposit, of which $335,230.03 was deposited in savings account and $102,703.72 was in a checking account. The bank closed its doors on that day, and at the close, the checking account was overdrawn and there was $210,230.01 in the savings account, on which the loss was sustained.

As a special defense to the suit, the bonding company pleaded that the money of the construction company in the savings account was not covered by the terms of the bond, because it was not, at all times, subject to immediate withdrawal. To which defense the construction company replied that the bonding company issued the bond upon which the suit was brought with knowledge that the money to be secured by the bond was, in fact, deposited in savings account, and that when the plaintiff accepted and paid for the bond, it understood that the bond, by its terms, covered money deposited in a savings account. That the bonding company had reason to believe that the plaintiff so understood; and that the defendant is estopped to claim or deny that the bond does not cover money deposited in savings account. The bonding company moved to strike these allegations as incompetent and as an attempt to vary the terms of a written instrument by parol. The motion to strike was denied and error is assigned on the ruling.

There was some testimony offered on the trial for the purpose of showing that the bonding company knew, at the time it executed the bond, that the construction company had money in the bank in savings account, but it was admitted on the pleadings that during the period covered by the bond, and on the day of the failure of the bank, the construction company had funds in the bank on checking account subject to immediate withdrawal plainly covered by the terms of the bond and exceeding the amount thereof.

At the conclusion of the trial the bonding company moved for a directed verdict on the ground, among others: "That the bond does not cover indebtedness not subject to immediate withdrawal and the record shows without dispute that the claim of the plaintiff is solely for an amount in a savings account. That said account was not subject to immediate withdrawal under the terms of the statute, by by-laws of the bank, and the terms of the bond." The motion was overruled, and error is assigned on the ruling.

There was judgment for the plaintiff in the full amount of the bond, and the bonding company appeals.

We think this appeal is ruled by the decision handed down by this court on April 26, 1933, in the case of National Surety Co. v. McGreevy, 64 F.(2d) 899, 900. We held in that action at law upon an indemnity bond that the controlling issue was whether the

bond, by its terms, covered the loss, and we said: "If by mutual mistake or otherwise, the contract does not express the true intention of the parties, the court cannot, at least in an action at law, rewrite it, and unless it is ambiguous, rules of construction cannot be invoked for the purpose of imparting an ambiguity that does not in fact exist. Bergholm v. Peoria Life Ins. Co., 284 U. S. 489, 52 S. Ct. 230, 76 L. Ed. 416; Inter-Southern Life Ins. Co. v. Zerrell (C. C. A. 8) 58 F. (2d) 135; Firemen's Ins. Co. v. Lasker (C. C. A. 8) 18 F.(2d) 375; Callen v. Massachusetts Protective Ass'n (C. C. A. 8) 24 F.(2d) 694; Shepherd v. Mutual Life Ins. Co. (C. C. A. 8) 63 F.(2d) 578; Prudential Ins. Co. v. Wolfe (C. C. A. 8) 52 F.(2d) 537; Kirkby v. Federal Life Ins. Co. (C. C. A. 6) 35 F.(2d) 126." In this case there is no ambiguity in the provision of the bond that it "does not cover certificates of deposit nor any other indebtedness not subject at all times to immediate withdrawal by the Walsh Construction Company." If there had been a loss to the construction company on account of the funds which it had on deposit in the bank in its checking account, there could have been no question but that the bond covered to the extent of the amount limited therein. But no recovery can be justified for loss on the savings account deposits which were not at all times subject to immediate withdrawal, but as to which the bank could at any time require notice and delay before withdrawal.

There are many other assignments of error, but as the bond does not cover the funds lost, there can be no recovery, and the judgment appealed from should be reversed.