### MILLER et al. v. UNION AUTOMOBILE INS. CO.
### No. 6962.

Circuit Court of Appeals, Fifth Circuit.
Feb. 17, 1934.

John R. Beasley, of Beeville, Tex., and Wm. McLean, of Fort Worth, Tex., for appellants.

J. D. Wheeler and Robert W. B. Terrell, both of San Antonio, Tex., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

Appellants brought suit on a policy of insurance issued by appellee to recover $5,000 for the death of their mother, resulting from an automobile accident. The jury was waived and the case was submitted on an agreed statement of facts. From an adverse judgment, this appeal is prosecuted.

It appears that appellee had issued a combined policy of insurance to Mrs. Gertrude Miller covering a Chevrolet coupé automobile owned by her and insuring her against loss from fire, theft, property damage, and for liability for injuries caused to others. Attached as part of the contract was the following rider:

"Accidental Death Endorsement.

"In consideration of the premium of $5.00, the company, upon receipt of acceptable proof, will pay to the named assured, or in the event of his death from causes herein recited, to said named assured's estate Five Thousand Dollars ($5,000.00), (the principal sum), (a) if the named assured under the policy to which this endorsement is attached, or (b) any member of his family, or (c) any other person in his service or employ, while driving the automobile described in Statement No. 3 of the Schedule of Declarations as shown in the policy to which this endorsement is attached, should meet death immediately or within a period of thirty (30) days from the date of injury, if caused solely through external, violent, and accidental means, and sustained as a direct result of a collision or overturning of the said described automobile."

Mrs. Miller was a widow and owned no other automobile. About the 1st of June, 1928, she left Austin in the car with her son Ernest, intending to go to Colorado. Part of the time she was personally at the wheel operating the car. At times her son Ernest relieved her. On June 2d, when proceeding along the highway and approaching the town of Eddy, Tex., while her son Ernest was at the wheel, operating and steering the automobile, the car collided with a telephone pole at the edge of the roadway. Mrs. Miller received injuries which resulted in her death on the following day. It is probable that both Mrs. Miller and her son were dozing just before the accident. At any rate it is not shown that Mrs. Miller was exercising any authority over her son or directing his movements while he was driving.

It is plain from the provisions of the rider that there could be no recovery for the death of Mrs. Miller unless she was driving the automobile herself immediately prior to and at the time of the fatal accident. By a somewhat metaphysical argument, appellants seek to sustain the contention that by sitting alongside her son, who was actually operating the car, Mrs. Miller was driving it within the meaning of the policy. With this we do not agree. There is no room for the application of the rule that an insurance policy is to be strongly construed against the insurer. The words of the contract are to be interpreted in their plain, ordinary meaning. There could be no doubt that under the provisions of the policy Mrs. Miller was not covered unless actually steering and operating the car when she received her fatal injuries. We agree with the ruling of the District Court. Bergholm v. Peoria Life Ins. Co., 284 U. S. 489, 52 S. Ct. 230, 76 L. Ed. 416.

The record presents no reversible error.

Affirmed.