SCAENDULE SHAPIRO, Also Known as SHENDEL SCHAPIRO, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, Fifth District, May 25, 1934.

*Judah Wattenberg,* for the plaintiff.

*Tanner, Sillcocks & Friend* [*Leonard M. Gardner* of counsel], for the defendant.

WHALEN, J. Plaintiff is the owner of a policy of insurance issued by defendant containing the following clause: " If  *  *  * the insured shall lose permanently the sight of both eyes, total and permanent disability shall be deemed to exist, and one-half of the

amount of insurance then payable in the event of death shall be paid immediately upon receipt by the Company of due proof of such loss and surrender of this policy. *Thereafter* no further premiums will be required."

The uncontradicted proof shows to my satisfaction that plaintiff became totally blind in February, 1927. The company received no notice of this condition until April 14, 1933, when it recognized the disability and waived payment of further premiums after April 17, 1933. Plaintiff continued to pay premiums, apparently in ignorance of her rights under the clause in question, between February, 1927, and April 17, 1933. This action is brought to recover the amount of said payments.

Defendant contends that the right to the waiver of premiums does not arise until after receipt by the company of due proof of the disability; in other words, that the proof of disability is a condition precedent to the right to a waiver of premiums.

The answer to this question depends upon the construction to be given to the word " *thereafter.*" Does this word relate back to the fact of the disability or to the fact of the " due proof of such loss and surrender of this policy? "

It can scarcely be said that the language is clear and unambiguous. The word " thereafter " begins a new sentence. It is entirely separate and distinct from the previous sentence. Different minds might draw different conclusions as to which part of the preceding sentence the word " thereafter " refers.

There is no controlling authority apparently in this State on the interpretation to be placed on the language contained in the cited clause.

If we turn to the other jurisdictions we find pertinent decisions.

Defendant relies on *Bergholm* v. *Peoria Life Insurance Co.* (284 U. S. 489), where a reversal by the Circuit Court of Appeals of a judgment for plaintiff in the District Court was affirmed by the Supreme Court. The policy in that case contained the following language: " Upon receipt by the company of satisfactory proof that the Insured is totally and permanently disabled as hereinafter defined the company will:

" (1) Pay for the Insured all premiums becoming due hereon after the receipt of such proof and during the continuance of the total and permanent disability of the Insured and will also

" (2) Pay to the Insured a monthly income for life of 1% of this policy; the first payment of such income to be paid immediately upon receipt of such proof  *  *  *.

" (3)  *  *  *  To entitle the Insured to the above Total and Permanent Disability Benefits this policy at the time of making

claim for such benefits must be in full force and all premiums becoming due prior to the time of making claim must have been duly paid."

The facts in that case are stated in the opinion as follows: " The insured died April 18, 1929. Judgment was sought for disability benefits from December 1, 1927, to April 1, 1929, at the rate of $50 per month, with interest. The last premium paid was due on May 27, 1927. The next, allowing a month's period of grace, should have been paid not later than September 27, 1927. Neither that nor any subsequent premium was ever paid. Long prior to the death of the insured, the policy, therefore, had lapsed unless saved by the terms of the disability clause above quoted. There is evidence in the record from which it reasonably may be found that the insured was totally and permanently disabled from a time before the premiums first became in arrears, and that this condition continued until his death; but no proof thereof was furnished to the company."

Plaintiff relies on *Minnesota Mutual Life Insurance Co.* v. *Marshall* (29 F. [2d] 977), a decision by the Circuit Court of Appeals on an appeal from the United States District Court of North Dakota, wherein a judgment for plaintiff was affirmed. Thereafter the Supreme Court refused a review.

In that case the policy provided that if the insured, while the policy was in full force and effect, and without default in the payment of premiums, " shall become totally and permanently disabled, as hereinafter provided, and shall furnish satisfactory proof thereof, the Company will waive the payment of premiums thereafter becoming due * * *. Second. Upon the receipt of due proof of total and permanent disabilities as above defined, the Company will waive the payment of all premiums thereafter becoming due."

The insured died November 29, 1926, after an operation for appendicitis that took place on November 16, 1926. The premium falling due October 14, 1926, with a grace period expiring November 14, 1926, was not paid. The company had no notice of disability during the insured's lifetime and refused to pay, claiming that the policy had lapsed by reason of non-payment of premiums, and that there could be no waiver of the premium because proof of disability was a condition precedent to the taking effect of the waiver provision. It was held that the language above quoted was ambiguous and might be construed to mean that the waiver ripened into full effect as soon as the disability occurred and that proof of disability to the company was not a condition precedent.

In the *Bergholm Case* (*supra*) the Supreme Court, referring to the *Marshall* case, said (p. 490): " We granted certiorari because

of a supposed conflict with *Minnesota Mutual Life Ins. Co.* v. *Marshall,* 29 F. [2d] 977," and (at p. 491): " We do not need to controvert this construction of the words quoted, or question the soundness of the view of the court that the existence of the disability before the premium became in arrears, standing alone, was enough to create the waiver. In that view, the obligation to furnish proof was no part of the condition precedent to the waiver; but such proof might be furnished within a reasonable time thereafter. Here the obligation of the company does not rest upon the existence of the disability; but it is the receipt by the company of *proof* of the disability which is definitely made a condition precedent to an assumption by it of payment of the premiums becoming due *after the receipt of such proof.* The provision to that effect is wholly free from the ambiguity which the court thought existed in the Marshall policy. Compare *Brams* v. *New York L. Ins. Co.,* 299 Pa. 11, 14; 148 Atl. 855."

In *Hablutzel* v. *Home Life Ins. Co.* (52 S. W. [2d] 480) the St. Louis Court of Appeals gives an interesting discussion and comparison of the *Bergholm* case and the *Marshall* case. The opinion states (p. 483): " The fundamental distinction between the policy provision under review in the *Bergholm* case and the provisions under review in the *Marshall* case, and in the present case, is this: In the *Bergholm* case, the agreement is that, upon receipt by the company of satisfactory proof that the insured is totally and permanently disabled, the company will waive all premiums becoming due after receipt of such proof; whereas in the *Marshall* case, as in the present case, the agreement is that, if the insured shall furnish due proof that he has become totally and permanently disabled, the company will waive the payment of premiums thereafter becoming due. Does this provision mean that the company will waive premiums becoming due after the insured has furnished proof or after he has become disabled? We construe it to mean that the company will waive premiums becoming due after the insured has become disabled, because this contention is more favorable to the insured and more in consonance with the purpose of the provision, which is to give protection to the insured against disability. If it was the intention to waive only the premiums becoming due after the furnishing of proof, it would have been an easy matter for the company who made the policy, to have said so in plain words as was done in the Bergholm policy. It is significant that the Supreme Court in construing the provision in the Bergholm policy emphasises the clause, ' becoming due after the receipt of such proof,' and adds that this relieves the provision from the ambiguity existing in the Marshall policy."

The *Hablutzel* case is interesting also for the fact that the insured was suing to recover premiums paid to the company during a number of years while he was totally disabled, in ignorance of his rights, just as in the present case.

Another case in plaintiff's favor is *Home Life Ins. Co.* v. *Keys* (62 S. W. [2d] 950), where a judgment for plaintiff was affirmed by the Supreme Court of Arkansas. There the clause construed read as follows: " On receipt by the company at its home office of due proof that any employee insured hereunder has become wholly and permanently disabled by accidental injury or disease, before attaining the age of sixty years, in that he is and will be permanently, continuously and wholly prevented from performing any work for compensation or profit, the company will waive the payment of each premium applicable to the insurance on the life of such disabled employee that may become payable thereafter under this policy during such disability. * * * The question presented for decision is, was the making of proof of disability a condition precedent? We hold that it was not."

All the New York cases cited by the defendant involve the interpretation of quite different language, viz.: *Yohalem* v. *Columbian National Life Ins. Co.* (136 Misc. 748); *Gottlieb* v. *New York Life Ins. Co.* (Id. 194); *Perlman* v. *New York Life Ins. Co.* (234 App. Div. 359); *Corbett* v. *Phœnix Mutual Life Ins. Co.* (144 Misc. 872); *Kasarsky* v. *National Life Ins. Co.* (145 id. 732).

It is a familiar rule of law in construction of insurance contracts that when the terms of a policy are of doubtful meaning that construction most favorable to the insured will be adopted. (*Bergholm* v. *Peoria Life Ins. Co.*, 284 U. S. 489; *Mutual Life Ins. Co.* v. *Hurni Co.*, 263 id. 167, 174; *Stipcich* v. *Insurance Company*, 277 id. 311, 322.)

Applying this rule of construction to the disability clause contained in the policy in the present case, it seems clear to me that the meaning of the word " thereafter " is doubtful and might be construed to refer either to the time of disability or to the time of furnishing proof, and taking that construction most favorable to the insured, the word " thereafter " should be held to refer to the time of disability, and the plaintiff is entitled to recover for the amount sued for.