**MISSOURI STATE LIFE INS CO v SARGEANT**

Ohio Appeals, 1st Dist, Hamilton Co

No 4684.   Decided Dec 31, 1934

Wesselmann & Eyrich, Cincinnati, and Ferd Bader, Jr., Cincinnati, for plaintiff in error.

Alfred Pfau, Cincinnati for defendant in error.

**OPINION**

By HAMILTON, PJ.

On the question of total and permanent disability, facts were submitted to the court and jury at the trial to the effect that during the spring and summer of 1931, prior to the elimination of the Disability Benefit Clause, Sargeant had contracted severe colds and physical weakness, which was continuous. He, however, continued in his duties as policeman until October 12, 1931, which was more than a month after the cancellation of the disability benefit clause. He had made no complaint and given no notice of infirmity or disability of any kind until February 25, 1932, at which time he filed his claim for permanent disability benefits. At the time he was clearly afflicted with tuberculosis. Under the claim as to permanent disability, there is some question as to whether or not he could bring himself within the terms of the policy in view of the fact that prior to the cancellation of the disability benefit clause and for some time subsequent he did engage in gainful occupation and full time service. This, as heretofore stated, was up to October 12th, 1931. There is some evidence to show that the attack in the spring and summer of 1931 was a forerunner of the tubercular condition, with which he undoubtedly was afflicted at the time of the filing of the claim. We will, however, pass that question as containing some facts which present a jury question.

The second proposition presents the question of law as to the construction of the clause "Total and Permanent Disability Benefits." The facts of the filing of the claim are not in dispute. On September 3rd, 1931, the Permanent Disability Benefit was eliminated from the policy. Sargeant makes the claim that since the beginning of his affliction was during the life of the policy, liability was fixed as of that date, which was in the spring or summer of 1931, the exact date being unimportant, since it was prior to the elimination of the disability clause. If he was correct in that, he would be entitled to recover, provided the jury should determine under the facts that he was permanently disabled by his attack in the spring and summer of 1931. This brings us to the construction of the total and permanent disability benefit clause, as quoted. The policy contains a clause to the effect:

"the Company will immediately pay to such Insured in full settlement of all obligations hereunder as to such Insured's life, **the amount of insurance in force hereunder on such insured at the time of the approval by the Company of the proofs as aforesaid.**"

At the time of the filing of the proofs on February 25, 1932, there was no insurance under this policy in force.

The effect of the claimant's construction of this clause of the policy would require the court to write into the policy "in force at the time the injury or disability arose", and eliminate the words "at the time of

the approval by the Company of the proofs as aforesaid." It must be borne in mind that this policy is a contract like any other contract, and must be construed according to the terms which the parties have used, and take it to be understood, in the absence of ambiguity in its plain and popular sense. There is no ambiguity in this contract of insurance. It states in plain terms, the way any ordinary person may understand. It states: "the company will immediately pay to such insured in full settlement of all obligations hereunder as to such insured's life, the amount of insurance in force hereunder on such insured at the time of the approval by the company of the proofs as aforesaid." The time is fixed in clear and express terms. It is true that where the terms of the policy are of a doubtful meaning, that construction most favorable to the insured will be adopted. As stated by Mr. Justice Sutherland in the case of Bergholm et, v Peoria Life Ins. Co., 284 U. S., 489, at 492:

"This canon of construction is both reasonable and just, since the words of the policy are chosen by the insurance company; but it furnishes no warrant for avoiding hard consequences by importing into a contract an ambiguity which otherwise would not exist, or, under the guise of construction, by forcing from plain words unusual and unnatural meanings."

The Bergholm case, supra, involved like questions to those presented in this case. The difference being, that in the Bergholm case, the policy had lapsed by reason of non-payment of premiums, while in the case under consideration the coverage on permanent disability was eliminated by contract, which contract is not questioned. The rules of construction applied by the Supreme Court of the United States in the Bergholm case are applicable here. The third paragraph of the syllabus in the Bergholm case is:

"Clauses in a policy by which the company undertook to pay the premiums if the insured were totally and permanently disabled, but only upon receipt by it of proof of such disability and only the premiums becoming due after such receipt, held unambiguous and not to be construed, to save the policy from a lapse, as an agreement to pay premiums accruing after the disability occurred but before the company received proof of it."

The case under consideration is a stronger case in favor of the Insurance Company than the Bergholm case. As stated, the Bergholm case involved the question of lapse by the non-payment of the premiums, which lapse might be waived by the conduct and acts of the company. In the instant case, the permanent disability benefit clause had been absolutely and permanently eliminated from the policy by agreement. No question of waiver is presented in this case. The unfairness of the result of this construction is argued at length in the brief of counsel for Sargeant, defendant in error. It is also argued that since the policy provided that the money should be paid at the time of the approval of the proofs by the company, it would put it in the power of the company to never approve of the proofs and thereby escape liability. We have no difficulty with this, since the approval would have to be reasonable and within a reasonable time to avail the Insurance Company as a defense.

Our conclusion is that since the policy provided in plain and express terms that it would pay the amount of insurance in force at the time of the approval of the proofs by the company, as aforesaid, we find this is a plain and unambiguous statement and hard consequences would not justify this court in interpolating language which would in effect make a new contract for the parties, by forcing from plain words unusual and unnatural meanings.

Since there is no dispute of the fact that at the time of the filing of the claim there was no insurance in force, there is no liability on the part of the company to pay. The judgment will be reversed, and judgment will be entered here in favor of the Insurance Company, plaintiff in error.

CUSHING and ROSS, JJ, concur.