CITY OF SEDALIA, MO., v. AMERICAN SURETY CO. OF NEW YORK.

No. 10306.

Circuit Court of Appeals, Eighth Circuit.

Feb. 28, 1936.

Frank W. Hayes, of Sedalia, Mo. (Fred F. Wesner and E. W. Jones, both of Sedalia, Mo., on the brief), for appellant.

Henry Davis, of St. Louis, Mo. (Bryan, Williams, Cave & McPheeters, of St. Louis, Mo., on the brief), for appellee.

Before GARDNER, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

The record discloses that in 1928 Nellie Robb, now deceased, was elected city col-

lector of the city of Sedalia, Mo., a city of the third class. She served a two-year term, and was re-elected in April, 1930, for an additional term of two years. She made application to the appellee for a collector's bond, as required by the laws of the state and by the ordinances of the city. Section 6744, R.S.Mo.1929 (Mo.St.Ann. § 6744, p. 5596), relating to cities of the third class, provides in part: "Every officer of the corporation, when required by law or ordinance, shall, within fifteen days after his election or appointment, and before entering upon the discharge of the duties of his office, give bond to the city in such sum and with such sureties as shall be designated by ordinance, conditioned for the faithful performance of his duty, and that he will pay over all moneys belonging to the city, as provided by law, that may come into his hands."

The city ordinances in effect at the time require entering into a bond conditioned upon the faithful performance of the duties of the office of city collector in the sum of not less than $20,000, with at least three sufficient sureties to be approved by the mayor; and, further, that the city collector shall collect all taxes, general and special, levied under the charter and ordinances of the city, and "shall pay over to the city treasurer at the end of each month, all monies collected during the same." So much of the bond executed by appellee and approved by the Mayor June 3, 1930, as is material to this controversy reads thus:

"We, Nellie Robb, as Principal, and the American Surety Company of New York, as Surety, bind ourselves to pay City of Sedalia, Sedalia, Missouri, as Obligee, such pecuniary loss, not exceeding Twenty Thousand ($20,000.00) Dollars, as the latter shall have sustained of money or other personal property, by any acts of Fraud, Dishonesty, Forgery, Theft, Embezzlement, Wrongful Abstraction or wilful Misapplication on the part of the Principal, directly or through connivance with others, while holding the position of City Collector in the service of the Obligee, this suretyship to begin May 1st, 1930, and to end (a) with the date of the discovery by the Obligee either of loss hereunder or of dishonesty on the part of the Principal, or (b) with the date of the retirement of the Principal from his said position, or (c) with the date of the termination of the suretyship

by the Surety or the Obligee in the manner hereinafter set forth in clause 7."

Clause 7 provides merely for the termination of the suretyship by either obligee or surety upon thirty days' notice. The city collector collected taxes owing the city and deposited the money in the Citizens National Bank of Sedalia as her depository. At the end of each month she would pay to the city treasurer the amount collected by her during the prior month. On October 31, 1931, she had on deposit to her credit in said bank $10,363.58. On that morning the bank failed to open for business and was placed in the hands of the Comptroller of the Currency for liquidation. Appellant subsequently received $3,886.33 from dividends paid to Miss Robb's estate by the Comptroller, reducing appellant's loss from this source to $6,477.25. In addition thereto, $200 of the city's funds had been turned over to Miss Robb for the purpose of being kept in the cash drawer. From this sum she had cashed checks aggregating $140.25, which were not paid on presentation, resulting in a loss to the city of that amount.

Suit on the bond was filed originally in the circuit court of Pettis county, Mo., and was removed to the District Court of the United States because of diversity of citizenship. By amended petition therein filed appellant sought to recover in separate counts the two sums above stated. Appellee by answer denied any liability under the bond, but stated that it was willing to pay to appellant the sum of $140.25, if appellant would give to it a full release and acquittance. At the trial, a jury was waived orally and by written stipulation. The court found for appellee upon the first count, which prayed recovery for the loss sustained by the failure of the Citizens National Bank of Sedalia, and in favor of appellant in the sum of $140.25, which appellant by its pleading declared itself willing to pay upon release from further claimed liability. There was substantially no dispute as to the facts. Error was not preserved by motion for judgment, by requests for findings, or declarations of law; nor by any appropriate challenge to the action of the trial court (thereby constituted an agreed arbitrator), which would entitle appellant to a review in this court. However, this point is not urged by appellee in argument and brief; and, because of the circumstances surrounding the submission,

we prefer, somewhat briefly, to consider the merits.

■ The contention of appellant is that, since the ordinance provides that the city officer shall, before entering upon the duties of his office, give bond to the city conditioned upon the faithful performance of the duties of his office, that condition entered into and formed a part of the bond in suit in the same manner as though it had been written therein. Addressing ourselves to the first count, which seeks to recover for the loss to the city occasioned by the failure of the bank, which was the depository of the collector during the current month, it is conceded that this loss occurred through no fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction, nor willful misapplication on the part of the principal. The liability of the surety is, by the terms of its bond, limited to these happenings. The collector was required to deposit in the city treasury on or before the first Monday of each month money received by her in the preceding month. She had always observed this requirement. The bank closed its doors on the last day of October, 1931, and she was prevented from making her deposit with the city treasurer on the November date specified by ordinance. Her honesty and integrity are not impeached.

■ The contention of appellant is met by counsel for appellee with the pronouncement that, "since the bond is neither in form nor in substance what the ordinance (nor the statute for that matter) required, nothing can be eliminated from it, and nothing inserted into it, which would change its meaning." And, further, that "the bond being in plain and unambiguous terms the intention of the parties must be gathered solely from its contents." The decisions of the Missouri courts support this position of appellee. The bond in suit is clearly unambiguous in terms, and therefore the presumption cannot be indulged that the surety intended to give a faithful performance bond.

"Liability of sureties is fixed by the terms of the instrument they sign and such undertaking cannot be enlarged or varied by judicial construction." City of St. Joseph ex rel. v. Pfeiffer Stone Company et al., 224 Mo.App. 895, 26 S.W.(2d) 1018.

In this opinion decisions apparently holding to the contrary are distinguished, and the rule prevailing in Missouri is explicitly stated. This ruling of the Kansas City Court of Appeals is supported by numerous controlling decisions of the Supreme Court of Missouri.

In Pemiscot County Bank v. Tindle, 272 Mo. 681, 199 S.W. 1025, 1026, a bond conditioned that a bank cashier "shall well and faithfully perform all duties of the office of cashier," while not such a bond as is required by statute, was held to be neither meaningless, unauthorized, nor preclusive of a statutory bond, and did not cover peculations and thefts. The court further held that the bond constituted a contract, and, as such, subject to well-known rules of construction, among them that, if the contract be ambiguous, "the court will look, not merely to its words, but to its subject-matter, the circumstances attending its making, and the interpretation given to it at the time by the parties themselves. * * * The condition precedently necessary to the application of this rule is ambiguity. * * * An instrument which speaks unmistakably in its own words leaves no room for construction. * * * An attempt, * * * to render this a statutory bond by the elimination therefrom or the insertion therein of a word or words which will effect a change in its purpose or meaning, and thereby render the sureties liable, is not authorized." Id., 272 Mo. 681, loc. cit. 695, 697, 199 S.W. 1025, 1028. Compare Illinois Fuel Company v. M. & O. Railroad Company, 319 Mo. 899, 920, 8 S.W.(2d) 834; Strauss v. J. C. Nichols Land Co., 327 Mo. 205, 211, 37 S.W.(2d) 505.

"Contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood, in the absence of ambiguity, in their plain, ordinary, and popular sense." Bergholm et al. v. Peoria Life Ins. Co., 284 U.S. 489, 52 S.Ct. 230, 231, 76 L.Ed. 416.

The same rule has repeatedly been declared by this court. National Surety Co. v. McGreevy et al., 64 F.(2d) 899; United States Guarantee Co. v. Walsh Construction Co., 67 F.(2d) 679; Arkansas Amusement Corporation v. Kempner, et al., 57 F. (2d) 466; Southern Surety Co. v. Pipe & Foundry Co., 13 F.(2d) 833. In the case last cited Fogarty v. Davis, 305 Mo. 288, 264 S.W. 879, upon which appellant strongly relies, is distinguished from a case like the present one in which the bond was not conditioned for the performance of the

contract. 13 F.(2d) 833, loc. cit. pages 835, 836. Furthermore, if the decisions in Missouri were conceived to be so at variance that no established rule exists, the national courts would be at liberty to announce their independent construction. But the Missouri courts are not deemed to be so at variance.

The requirement to give bond within the time specified in statute and ordinance has been held to be directory merely, and not a condition precedent to the party's title to office. State ex rel. v. Churchill, 41 Mo. 41; State ex rel. v. Howard County Court, 41 Mo. 247; Glavey v. United States, 182 U.S. 595, 603, 21 S.Ct. 891, 45 L.Ed. 1247.

The judgment below should be affirmed, and it is so ordered.