## STATE MUT. LIFE ASSUR. CO. OF WORCESTER v. BRISCOE.

### No. 8013.

Circuit Court of Appeals, Sixth Circuit.

Dec. 6, 1939.

Neil P. Beall, of Cleveland, Ohio (McKeehan, Merrick, Arter & Stewart, George William Cottrell, and Neil P. Beall, all of Cleveland, Ohio, on the brief), for appellant.

Sam B. Fitzsimmons, of Cleveland, Ohio, for appellee.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

Appellant, The State Mutual Life Assurance Company of Worcester, on the 18th day of August, 1925, in consideration of the payment of premiums issued its policy of life insurance in the principal sum of $5,000 on the life of Joseph Howard Briscoe with the appellee, Luta Brooks Briscoe, his wife, as beneficiary. The premiums were payable quarterly after October 3, 1932, and were paid up to June 4, 1935. The insured died December 23, 1935. The insurance contract had the usual thirty-one day grace period for the payment of premiums and provided for cash surrender and loan values.

On July 5, 1935, the insured borrowed from the insurer $1,049.22, the full loan value of the policy, and simultaneously therewith executed to the insurer a policy loan certificate on which the insured agreed to pay six percent interest semiannually February and August 15th, all interest not paid when due to become a part of the principal evidenced by the certificate. If at any time the total indebtedness against the policy, plus unpaid interest, equalled or exceeded its cash surrender value, it was forfeitable, provided thirty-one days' notice thereof was mailed to the last known address of the insured. It was further provided in the loan certificate that unpaid premiums at the end of the grace period could be deducted from the cash surrender value of the policy in addition to the loan and the balance, if any, applied as a net single premium to purchase paid-up

insurance on the same conditions as those in the original contract.

Prior to September 4, 1935, appellant, by mail, notified the insured that a premium of $46.40 would be due on his policy as of that date and on October 8, 1935, it not being paid, the insurer notified him that the thirty-one days grace period had expired October 5, 1935. On October 8, 1935, it notified the insured that his policy had lapsed for nonpayment of premiums but that it could be reinstated without medical examination if an application were made by November 4, 1935, and the past due premiums paid and at the same time it sent the insured a blank reinstatement application. About a week prior to November 4, 1935, the insured was again notified of the reinstatement conditions, which he ignored.

Prior to August 15, 1935, appellant, by mail, notified the insured that on that date interest in the amount of $5.94 would be due upon his loan certificate and on September 1, 1935, appellant again notified the insured of his default, on which date it added on its records the $5.94 to the principal loan of $1,049.22, thereby increasing the policy indebtedness to $1,055.16.

On October 5, 1935, the cash surrender value of said policy was $1,081.72 and the insured's indebtedness on it was $1,064.01, on which date appellant on its books foreclosed its lien on the policy for the loan, leaving a balance of $17.71, which it applied to purchase fully paid insurance in the amount of $29.

On December 4, 1935, appellant, by mail, notified the insured that, in accordance with the provision of his loan certificate and policy, his loan had been settled by deducting it and accrued interest from the cash surrender value of the policy and applying the remainder to the purchase of paid-up insurance of $29.

On the death of insured, appellee beneficiary sued appellant to recover the face of the policy less the indebtedness against it. The case was submitted on an agreed statement of facts and the lower court found for the appellee, hence this appeal.

The single issue presented for determination is whether the provision of the policy "that failure to repay such loan or to pay interest thereon shall not avoid this policy while the total loan indebtedness hereon is less than such cash value at the time such default in payment occurs nor until thirty-one days after notice has been mailed by the company to the last known address of the insured and assignee, if any" superseded the provision of the policy "that in case of failure to pay any premium when due or within the grace period, this policy shall thereupon lapse and become void and all premium payments previously made shall be forfeited to the company and its only liability hereunder shall be * * * to convert the cash surrender value of the policy into paid-up participating insurance payable at the same time and on the same conditions as in the original contract."

The policy had lapsed at the date of death of the insured for non-payment of premiums but the thirty-one days period after notice provided in cases of forfeiture for non-payment of the loan had not expired.

In construing insurance contracts, the general rule is that we must take the policy as we find it; it is in printed form, with written parts introduced into it and we are to take the whole together, both written and printed. All related provisions of the insurance contract are to be read to ascertain the meaning of any one.

As the policies are written by the insurer, if ambiguous, they are to be most strongly construed against it and in favor of the insured if a forfeiture be involved so that indemnity will be granted rather than denied; however, courts are not at liberty to inject a new clause into the policy nor make a new contract for the protection of the insured in order to apply this rule. Williams v. Union Central Life Insurance Company, 291 U.S. 170, 180, 54 S.Ct. 348, 78 L.Ed. 711, 92 A.L.R. 693; Bach v. Western State Life Insurance Company, 10 Cir., 51 F.2d 191; Bergholm et al. v. Peoria Life Insurance Company, 284 U.S. 489, 492, 52 S.Ct. 230, 76 L.Ed. 416; Equitable Life Assur. Society v. Wells, 6 Cir., 101 F.2d 608. Applying these legal principles to the case at bar, it is clear that the two provisions here in question are wholly and obviously unrelated, and have to do with different subject matters.

The provision that the policy could be forfeited on failure to repay if there were an outstanding loan against it equal to or in excess of its cash surrender value, has no bearing on a forfeiture for other reasons provided in the policy. When in-

sured in the case at bar failed to pay premiums when due, his policy became void except for the automatically paid-up insurance, he having failed to exercise any one of his options. The indebtedness created by the loan agreement was discharged by the purchase of the extended insurance. With this discharge of the indebtedness, the loan agreement and all of its incidences came to an end, the policy for its face amount having theretofore been brought to an end by failure to pay premiums. Moss v. Aetna Life Insurance Company, 6 Cir., 73 F.2d 339.

The case of Columbus Mutual Life Insurance Company v. Hines, 129 Ohio St. 472, 196 N.E. 158, is controlling under the rule laid down in Erie R. Company v. Thompkins, 304 U.S. 64, 80, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. In the Hines case, the policy contract was identical in all essential particulars with the one here, and the facts were the same with the immaterial exception that all of the policy reserve was consumed in the payment of loans, no balance remaining to purchase paid-up insurance and no notice having been given of the forfeiture of the policy for non-payment of the loans. The court, in the Hines case [129 Ohio St. 472, 196 N.E. 163], said, "We are brought to the inevitable conclusion that the policy issued on the life of Walter F. Hines terminated on January 22, 1932, for failure to pay the premium thereon, and that the beneficiary was precluded from successfully maintaining an action against the insurance company on the policy."

The judgment is reversed and the cause remanded for a new trial.