Cohn, J.
Iu February, 1924, defendant issued to plaintiff’s husband its policy of life insurance. The policy contained the following disability benefit provisions:
“ New York Life Insurance Company Agrees to Pay to the Insured
“ A monthly Income of Twenty-Five Dollars, and to waive payment of premiums under the said policy, as hereinafter *729 provided, upon receipt of due proof that the Insured is totally and presumably permanently disabled before age 60, as hereinafter defined. * * *
“ Upon receipt at the Company’s Home Office, before default in payment of premium under the said policy, of due proof that the Insured is totally disabled as above defined, and will be continuously so totally disabled for life, * * * the following benefits will be granted: * * (Italics not in policy.)
The complaint alleges that the insured, on January 2, 1945, became totally and permanently disabled within the meaning of the foregoing disability benefit provisions in the policy issued by defendant and died while totally disabled on April 23, 1947. Proof of the insured’s disability was not submitted to defendant until October 22, 1947, about six months after insured’s death. The action was brought to recover $700, representing disability income from January 2, 1945, to April 23, 1947, plus $217.59, representing the premium paid during the period of disability.
An insurance contract must be construed in a way that the average policyholder would reasonably understand it. While the policy in suit here does not specifically state that the insured must file with the defendant proof of total disability during his lifetime, we think it would be unreasonable to interpret the insurance contract as suggesting otherwise. The provisions of the policy concerning total and permanent disability are unambiguous and clearly provide that receipt by defendant of due proof, during the existence of the insured’s alleged disability, is a condition precedent to any liability on its part. Since the proof must be submitted during the period of disability, that proof which upon receipt shows that the insured is dead cannot possibly be considered as due proof that he is “ totally disabled ”, and that he “ will be continuously so totally disabled for life ” and therefore cannot create liability in the defendant for disability benefits.
The obvious purpose of having proof of the insured’s disability submitted to the insurer during the period of such disability, as required by the terms of the contract, is to afford the insurer an adequate opportunity of testing the bona fides of the claim. Where, as here, the proof is not submitted until six months after the insured’s death, no such means is available.
It is, of course, the rule that a contract of insurance should be resolved in favor of the policyholder, since the words of the policy are chosen by the insurance company. However, a contract of insurance, like any other contract, must be construed according to the terms the parties have used, to be taken and *730 understood in the absence of ambiguity in their plain, ordinary and popular sense (Bergholm v. Peoria Life Ins. Co., 284 U. S. 489, 492). So construed, the language employed in the disability benefit provisions of the policy points to the obvious conclusion that proof of disability must be submitted during the insured’s lifetime.
The determination of the Appellate Term should be reversed, with costs, and the order and judgment of the Municipal Court should be reinstated.
Dore, J. P., Van Voorhis and Shientag, JJ., concur; Callahan, J., dissents and votes to affirm.
Determination of the Appellate Term reversed, with costs, the judgment and order of the Municipal Court of the City of New York, Borough of Manhattan, First District, reinstated. Settle order on notice. [See 277 App. Div. 872.]