## MAYER v. STATE MUT. LIFE ASSUR. CO. OF WORCESTER.

### No. 919.

Municipal Court of Appeals for the District of Columbia.

Argued May 1, 1950.

Decided May 23, 1950.

Sol M. Alpher, Washington, D. C., Louis E. Spiegler, Washington, D. C., on the brief, for appellant.

John M. Lynham, Washington, D. C., Arthur P. Drury and John E. Powell, Washington, D. C., on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Appellant has a policy of life and disability insurance written by appellee company. On November 10, 1947, through her attorney-in-fact, she made written application for disability benefits and submitted proof of claim and supporting medical statements, reciting that she was suffering from a manic-depressive psychosis. The company recognized the claim and since December 15, 1947 has been paying $75 per month, the amount specified in the policy, and has also waived payment of premiums due thereafter. The company denied liability for any earlier periods on the ground that it had not, prior to November 10, 1947, received "due proof" of appellant's disability as required by the policy.

Insured then sued for disability benefits and waiver of premiums between October 1945 and December 1947, the time the company commenced its payments. On facts which were stipulated in writing, the trial court ordered judgment for the insurance company and that judgment is now here for review.

Appellant bases her claim almost entirely on a letter to the insurance company written June 10, 1946 by a Dr. Alfred H. Stanton on the letterhead of Chestnut Lodge

Sanitarium, Rockville, Maryland, which we here set out in full:

"Mrs. Marguerite Mayer has been a patient of mine since November 6, 1945, at Chestnut Lodge Sanitarium. Mrs. Mayer is perfectly competent to make decisions regarding her finances and has been continuing to do so. However, at the beginning of her treatment, she found the necessity to deal with financial matters and other concerns too fatiguing and requested me to arrange the power of attorney with Miss Rabinovitz.

"She continues perfectly able to understand the expenditures, but in my opinion, the need for her to transact business would be injurious to her health at the present time."

The question is whether this letter constituted "due proof" of disability under the policy. We agree with the trial court that it did not. As Appleman [1] says, notice of disability "need not convince the insurer but must justify the presumption of disability to an intelligent judgment, reasonably and fairly exercised." This court has ruled that while the "due proof" required in such policies need not be in any particular form, the purpose is to give the insurer a reasonable opportunity to investigate and test the validity of the claim.[2] Here, no claim was made by the doctor's letter. It was sent in connection with a request for a loan on the policy, and according to the stipulation, "for the purpose of satisfying the defendant that the insured was sane and that said power of attorney therefore was valid."[3] He merely reported that Mrs. Mayer was a patient in the hospital and, while perfectly competent to make decisions regarding her finances, found it too fatiguing to deal with financial matters at the beginning of her treatment. This letter cannot be regarded as "due proof" of disability. It recited no symptoms and told of no disability; it could just as accurately have been written concerning a person who was taking a routine rest cure. Its tenor was not such as to put the insurer on notice that an investigation should be set in motion. It was very far from being notice that the insured had become "wholly, continuously, and permanently" disabled as recited in the policy.

There seems to be little or no doubt, in the light of later developments, that the illness had taken hold of the insured some time before December 1947. But the Supreme Court has said that the obligation of an insurance company does not rest upon the existence of the disability, but upon the receipt by the company of *proof* of the disability. Bergholm v. Peoria Life Insurance Company, 284 U.S. 489, 52 S.Ct. 230, 76 L.Ed. 416. There the Court also said that the insured did not become entitled to a waiver of premiums until *after* the company had received proof of disability. This of course means that in the absence of a contrary proviso the right to disability payments is not retroactive. And since the period here in dispute was prior to the filing of proof of claim, we must rule that the insured has established no right to disability benefits during such period.

Judgment affirmed.

1. 3 Appleman, Insurance Law and Practice, § 1446 (1941).
2. National Life Ins. Co. v. White, D.C. Mun.App., 38 A.2d 663.
3. We note that the company made a loan of $700 directly to the policyholder, and three later loans totalling $1,825 under the power of attorney.