**NEW YORK HOME FURNITURE COMPANY, Appellant,**

v.

**AETNA CASUALTY AND SURETY COMPANY et al., Appellees.**

**No. 20361.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 2, 1967.

Decided May 19, 1967.

Petition for Rehearing En Banc and for Rehearing before the Division Denied June 27, 1967.

Mr. Edward L. Genn, Washington, D. C., for appellant.

Mr. Alexander M. Heron, Washington, D. C., with whom Mr. John A. Whitney, Washington, D. C., was on the brief, for appellee Aetna Casualty & Surety Co.

Mr. Harry L. Ryan, Jr., Washington, D. C., for appellee Shinn.

Before BASTIAN, Senior Circuit Judge, and BURGER and McGOWAN, Circuit Judges.

PER CURIAM:

At the close of appellant insured's direct case in an action brought by it on the policy against the insurance company, and in negligence against the agent who procured it, the District Court directed the jury to return a verdict for both defendants. We think this determination was supportable as to the appellee company, but not as to the appellee agent.

■ The theory of the claim against the insurer was, in the first instance, that because the coverage terms of the policy were ambiguous, the doubt must be resolved against the company. But we share the District Court's opinion that there was no substantial ambiguity,[1] the best indication of which was that when appellant's manager finally got around to reading the policy after it had been issued for some time, he immediately telephoned the agent to voice his dismay at the failure of the words to encompass appellant's method of operations. Appellant's alternative theory is that, from this point on, the

evidence pointed towards a waiver by the insurance company of the protection of the clause in the policy to the effect that alterations in outstanding policies would be effective only by formal written endorsement. But there was no such endorsement, and the evidence spoke only—and in conflicting terms—of verbal communications which are variously characterized as either a waiver by, or an estoppel of, the company. Recalling that the purpose of the clause is to eliminate just such confusion over an insurer's exposure at any one point in time, we think the evidence here was not such as to require the issue of liability to go to the jury.[2]

■ The case appears differently to us as to the agent, although we have not had the benefit of any articulation by the District Court of why it enlarged its direction of a verdict to include the agent. There was evidence which, if believed by the jury, suggested a ponderable disregard by the agent of his responsibilities to appellant. For example, there was a direct conflict in the testimony between the agent and the company's underwriter as to whether the agent ever talked to the underwriter about coverage as appellant said he had undertaken to do and which he later represented to appellant he had done. We do not suggest that the jury would inevitably have found liability nor do we anticipate how the damage would be measured in such event, but the District Court appears to us to have acted

1. "It is true that where the terms of a policy are of doubtful meaning, that construction most favorable to the insured will be adopted. * * * This canon of construction is both reasonable and just, since the words of the policy are chosen by the insurance company; but it furnishes no warrant for avoiding hard consequences by importing into a contract an ambiguity which otherwise would not exist, or, under the guise of construction, by forcing from plain words unusual and unnatural meanings.

Contracts of insurance, like other contracts, must be construed according to the terms which the parties have

used, to be taken and understood, in the absence of ambiguity, in their plain, ordinary and popular sense."
Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 492, 52 S.Ct. 230, 231, 76 L. Ed. 416 (1932).

2. Appellant argues that Prudential Ins. Co. of America v. Saxe, 77 U.S.App.D.C. 144, 134 F.2d 16, cert. denied, 319 U.S. 745, 63 S.Ct. 1033, 87 L.Ed. 1701 (1943), prohibits summary judgment in favor of the company. That case holds only that the issue of waiver may be considered by the jury in situations where it could reasonably find that the company has waived. This is not such a case.

too quickly in foreclosing jury consideration of the matter.[3]

The judgment appealed from is affirmed as to the appellee insurance company, and reversed for a new trial in the case of the appellee agent.

It is so ordered.

---

3. See Anderson v. Knox, 297 F.2d 702, 705 (9th Cir. 1961). See generally 3 Couch, Insurance § 25.37 (2d ed. 1960); 4 Couch, Insurance § 26.461 (2d ed. 1960); Annot., 29 A.L.R.2d 171 (1963).