**MID-CONTINENT LIFE INS. CO. v. SKYE.**

No. 15672—Opinion Filed Oct. 20, 1925.

(Syllabus.)

**1. Contracts—Construction of Language.**

The court cannot make a contract between the parties. Its duty is to properly construe the language contained in the contract and to give such language the force and effect as the same is commonly understood.

**2. Insurance—Construction of Policy—Enforcement of Terms.**

Where the terms of an insurance policy are free from ambiguities and can be clearly understood from the language therein employed, and there are no conflicting clauses in such policy, the court must then enforce the terms of such policy as it would any other contract.

Error from District Court, Ottawa County; J. J. Smith, Judge.

Action by Nancy Skye against the Mid-Continent Life Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Geo. B. Rittenhouse, F. A. Rittenhouse, P. T. McVay, and John F. Webster, for plaintiff in error.

L. A. Wetzel and E. C. Fitzgerald, for defendant in error.

LESTER, J. The parties to this action will be referred to as they appeared in the court below.

The plaintiff brought suit on an insurance policy. Defendant demurred to plaintiff's petition. The demurrer was overruled, and the defendant excepted to the ruling of the court, and thereafter filed its answer. A jury was empaneled to determine the issues, but thereafter the plaintiff and defendant entered into an agreed statement of facts and submitted the same to the court, and the jury was excused. The court rendered judgment thereupon in favor of the plaintiff. Motion for new trial was overruled, and the defendant prosecutes its appeal to this court to reverse the judgment of the district court.

The following is the agreed state of facts as submitted to the trial court:

"It is hereby stipulated and agreed by and between the parties hereto that it is admitted that the policy of life insurance No. 17010 was issued to William Skye upon his life payable to Nancy Skye, his widow, upon the date which appears upon the policy; it is further admitted that the first annual premium was paid upon the policy and that the second annual premium was not paid; it is further admitted that William Skye became totally disabled upon the 28th day of January, 1922, and that he continued to be totally disabled up to the date of his death, which occurred upon the 27th day of February, 1923; that proof of permanent disability has been made and an offer was made to make proof of death; and that the defendant waived same by denying liability, and that proof of permanent disability was made in due time; and

it is further stipulated that the policy will be admitted in evidence, and marked 'Plaintiff's Exhibit A.' It is further agreed that the court may render judgment upon this stipulation and that a jury is hereby excused and waived."

From these agreed facts and the admission in the evidence of the insurance policy, it is necessary to examine the policy in order to determine the rights of the parties under the admitted facts and terms of the policy. As will be observed, the right of the plaintiff to recover is predicated upon the terms of the policy relating to permanent disability of the insured prior to his death; he not having paid the second annual premium. The policy was issued to the insured and one annual premium had been paid on the same. This policy was issued to the insured on the 12th day of March, 1921. He was permanently disabled on the 28th day of January, 1922. He died on the 27th day of February, 1923. It was agreed that proof of permanent disability had been made in due time. The terms of the policy relating to the issues involved are as follows:

"After one full annual premium shall have been paid upon this policy and before a default in the payment of any subsequent premium, if the insured shall furnish the company with due proof that he has since such payment and before having attained the age of sixty years, become wholly disabled by bodily injuries or disease, not occasioned by military or naval service or participation in aeronautic or submarine expeditions or operations, and will be presumably, thereby permanently, continuously and wholly prevented from engaging in any occupation or employment whatever for remuneration or profit, and that such disability has then existed for not less than sixty days, then

"I. Waiver of Premium.

"Commencing with the anniversary of the policy next succeeding the receipt of such proof, the company will on each anniversary waive payment of the premium for the ensuing insurance year."

The legal construction to be given to the above language contained in the policy is determinative of the issues in this case. The plaintiff insists on the rule that where there is a conflict between two provisions of a life insurance policy it will be always construed against the insurer. The court's attention is called to the case of Queen Insurance Company v. Patterson Drug Company, 73 Fla. 665, 74 South. 807, L. R. A. 1917D, 1091, paragraph 6 of the syllabus being as follows:

"Where there are conflicting clauses in an insurance policy, the one which affords the most protection to the insured will control."

Also in the case of Friend v. Southern States Life Insurance Co., 80 Okla. 76, 194 Pac. page 204, paragraph 2 of the syllabus being as follows:

"If a policy of insurance is susceptible of two constructions, the one is to be adopted which is the most favorable to the insured."

The plaintiff states that she has been unable to find any reported case construing such a policy as we have here. Section A I of the policy provides:

"After one full annual premium shall have been paid upon this policy and before a default in the payment of any subsequent premium, if the assured shall furnish the company with due proof that he has since such payment * * * become wholly disabled * * * and that such disability has then existed for not less than sixty days, then * * * commencing with the anniversary of the policy next succeeding the receipt of such proof, the company will on each anniversary waive payment of the premium for the ensuing insurance year."

We construe this language to mean just what it says; that is, if the insured has paid one full annual premium and before default in payment of another premium, then on account of becoming totally disabled, he may then file proof of such total disability, providing that such total disability has then existed for not less than 60 days. The insured secures the benefit of the waiver of premium in the following manner and time:

"Commencing with the anniversary of the policy next succeeding receipt of such proof, the company will on each anniversary waive payment of the premium for the ensuing year."

In other words, there can be no proof of the disability of the insured until such disability has then existed for not less than 60 days prior to making of said proof; then "commencing with the anniversary of the policy next succeeding the receipt of such proof," the company would then waive payment of the premium.

The term "anniversary" of the policy means the yearly recurring date of the policy, and the benefit of the waiver of premiums by reason of the receipt of the proof of permanent disability is postponed until the next anniversary of the policy succeeding receipt of such proof, as clearly shown by the language used in said policy.

It is urged that, because there was a provision in said policy allowing 30 days grace in the payment of the premium, the proof of disability was filed in time to take care of the payment that otherwise should have been made by the insured.

We think that the 30 days of grace allowed in which the insured might make payment only extended the right of the insured to file such proof of disability during this period, and after the proof was filed, that under the terms of the policy the waiver of the premium by the insurance company was then postponed until the next anniversary of the policy, which in this case would occur on the 12th day of March, 1923.

We fully agree with the contention of the plaintiff that where there are conflicting clauses in an insurance policy the one which affords the most protection to the insured will control; but we do not find any conflict or ambiguities as contended by plaintiff in the policy which was in evidence in this case.

The court cannot make contracts between parties. It can only construe the effect of the language employed therein. As said in the case of Brown v. Connecticut Fire Ins. Co., 52 Okla. 392, 153 Pac. 173:

"It seems to be the settled rule that insurance contracts, or policies, as they are generally called, are construed the same as any other contracts, and that courts do not make such contracts for the parties, but simply construe them for the parties when called upon to do so, and that in so doing the courts look to the plain import of the language used."

From the views herein expressed, we are of the opinion that the trial court committed error in rendering judgment for the plaintiff under the agreed statement of facts. The cause is reversed and remanded, with directions to render judgment for the defendant.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 13 C. J. p. 542, § 513. (2) 32 C. J. 1158, § 267. See under (1,

2) 14 R. C. L. p. 925; 3 R. C. L. Supp. p. 315 et seq.; 4 R. C. L. Supp. pp. 930, 931; 5 R. C. L. Supp. p. 787.