## FRANKLIN LIFE INSURANCE CO. v. FISHER.

No. 21269. Opinion Filed June 20, 1933.

Herbert D. Mason, Harold R. Williams, and Herbert S. French, for plaintiff in error.

Yancey, Spillers & Fist (Silverman, Rosenstein & Fist, on supplemental brief), for defendant in error.

CULLISON, J. Wilton Morris Fisher, as plaintiff, instituted suit against the Franklin Life Insurance Company, seeking to recover for amounts alleged to be due plaintiff as a result of certain disabilities. Plaintiff procured the life insurance policy under consideration from defendant in April, 1924. The policy was in amount of $2,500, with a supplemental agreement attached providing for certain disability benefits in the nature of a waiver of premiums and the payments of monthly income. The policy provided, in substance, that defendant would waive payment of premiums during disability after

the receipt of proof of disability of the policyholder, and that during such disability the company would pay the insured a monthly income of $10 for each $1,000 worth of insurance carried.

Plaintiff alleges that he has been disabled from February, 1925, to April, 1929, and that his disability benefits are provided for within the terms of said policy. In February, 1929, plaintiff submitted proof to the insurance company, stating that he had been disabled since 1925, and requested payment from 1925 to 1929 in the sum of $25 per month, and for the return of the insurance premiums paid during the said period of disability. Plaintiff recovered judgment in the trial of said cause, and defendant appeals to this court.

Defendant presents two questions, briefly as follows: That the judgment is not supported by the record; and that the court erred in instructing the jury.

The decision of this court hinges upon the construction of the supplemental agreement attached to said insurance policy containing the clause relative to waiver of premiums and monthly incomes. Plaintiff's first cause of action as pleaded in his petition pertains to the amount of money alleged to be due under the terms and conditions of his insurance policy, which said clauses are as follows:

"If due proof shall be furnished to the company at its home office that the insured. before the anniversary of said policy on which the insured's age at nearest birthday is 60 years and after the issuance of said policy and the payment of at least one full annual premium thereon and before default in the payment of any subsequent premium. has either (a) become totally and permanently disabled by bodily injury or disease so that he is and will continue to be for life totally and permanently prevented thereby from the performance of any work or the transaction of any business for compensation or profit. or (b) been totally and continuously disabled for a period of not less than three consecutive months and during all of that time has been prevented thereby from the performance of any work or the transaction of any business for compensation or profit. then the company upon approval of such proof and upon indorsement on said policy will grant the following benefits:***

"Monthly income. The company agrees to pay to the insured a monthly income of $10 for each $1,000 of the principal sum insured under said policy during the continuance of such disability. The first income payment shall become due on the first day of the calendar month following receipt of due proof of total and permanent disability.

as defined in (a) above, or, due proof of continuous total disability for three consecutive months, as defined in (b) above, and succeeding payments shall become due on the first day of each calendar month thereafter during the continuance of such disability. Any income payments accruing before the company approves the proof of disability shall become payable upon such approval and subsequent payments will be made as they become due. Any income payment so made during such disability shall not be deducted from the sum payable in any settlement of said policy. Interest on any indebtedness to the company on said policy shall be deducted from the income payments herein provided."

Plaintiff contends that there was $1,250 due as disability payments under the terms of said policy from February, 1925, to and including April, 1929. The record further shows that plaintiff submitted proof of disability to defendant on or about February, 1929, and the gist of the contention between the parties to this suit in the first cause of action is whether plaintiff can recover for said disability payments under the terms of the policy prior to the date plaintiff furnished defendant with proof of disability. If the submitting of proof of disability was a condition precedent to the operation of said clause of insurance entitling plaintiff to receive said disability benefits, then said disability benefits began to accrue upon the date of filing said proof, provided said disability was established.

In construing the terms of the insurance contract. we must interpret the same in accordance with the language contained in said contract. The terms of that portion of the policy under consideration provide: If due proof shall be furnished to the company at its home office. the insured has either (a) become totally and permanently disabled, or (b) been totally and continuously disabled for a period of not less than three consecutive months then the company upon approval of such proof and upon indorsement on said policy. will grant the following relief: First. waiver of premium, and second. pay a monthly income.

We observe that under the terms and conditions of the policy. it became necessary for the policyholder to furnish due proof to the company at its home office touching on certain questions as designated by said policy. and upon approval of such proof and indorsing the same on the policy. the company will make the monthly payments as directed by the terms of the policy.

Plaintiff contends that the case at bar is controlled by Prudential Insurance Company of America v. Singletary. 151 Okla. 301. 3

P. (2d) 657. We have carefully considered the Singletary Case. which construes a policy very much the same as the policy in the case at bar. The Singletary Case holds that the date of the payments dates from the date of permanent disability and not from the date proof of said disability was furnished the company. We cannot agree with said construction. The case is not controlling herein.

A careful analysis of the policy under consideration reveals the following pertinent facts: The policyholder must furnish to the company due proof at the home office that he is totally and permanently disabled, or has been totally and continuously disabled for a period of not less than three months. When the company approves such proof and indorses said policy, the company will grant a waiver of premiums and pay a monthly income to the disabled policyholder. The provision of the policy providing for the payment of monthly income provides that the first payment of income shall become due on the first day of the calendar month following receipt of due proof of total and permanent disability as defined in the policy. The policy further provides that income payments accruing before the company approves the proof shall become payable upon the approval of the proof. A careful analysis of the contract convinces us that the first act necessary for plaintiff to perform in order to start the payments to accruing was the furnishing of proof to the company. Upon receipt of said proof by the company. the payments began to accrue. Until the company received proof, so as to give them notice of the claim of plaintiff. the payments did not begin to accrue. Plaintiff was entitled to recover from and after the date of giving defendant proof of disability. and not for the period of time before any proof was given defendant.

The United States Supreme Court had under consideration an insurance policy almost identical with the policy in the case at bar, in the case of Bergholm v. Peoria Life Insurance Company of Peoria. Ill.. 76 L. Ed. 416. and in discussing the applicable sections of said insurance policy the court said:

"The income disability clause. which follows this language. provides:

" 'Upon receipt by the company of satisfactory proof that the insured is totally and permanently disabled as hereinafter defined the company will

" '1. Pay for the insured all premiums becoming due hereon after the receipt· of such proof and during the continuance of the total and permanent disability of the insured. and will also

" '2. Pay to the insured a monthly income for life of 1 per cent. of this policy; The first payment of such income to be paid immediately upon receipt of such proof'.***

"Here the obligation of the company does not rest upon the existence of the disability; but it is the receipt by the company of proof of the disability which is definitely made a condition precedent to an assumption by it of payment of the premiums becoming due after the receipt of such proof. The provision to that effect is wholly free from the ambiguity which the court thought existed in the Marshall policy. Compare Brams v. New York L. Ins. Co.. 299 Pa. 11, 14, 148 Atl. 855. It is true that where the terms of a policy are of doubtful meaning, that construction most favorable to the insured will be adopted. Mutual L. Ins. Co. v. Hurni Packing Co., 263 U. S. 167, 174, 68 L. Ed. 235, 238. 31 A. L. R. 102, 44 S. Ct. 90; Stipcich v. Metropolitan L. Ins. Co., 277 U. S. 311, 322, 72 L. Ed. 895, 900, 48 S. Ct. 512. This canon of construction is both reasonable and just, since the words of the policy are chosen by the insurance company; but it furnishes no warrant for avoiding hard consequences by importing into a contract an ambiguity which otherwise would not exist. or. under the guise of construction. by forcing from plain words unusual and unnatural meanings."

In the very recent case of Orr v. Mutual Life Ins. Co. of New York, 57 F. (2d) 901, that court had under consideration an insurance policy very similar to the one in the case at bar and very similar to the one in the Bergholm Case. just cited. supra. and in discussing and applying the law in the Bergholm Case to the Orr Case, the court said:

"If in the contract discussed in the Bergholm Case the 'receipt of proof of the disability is,' as the Supreme Court says, 'definitely made a condition precedent to an assumption by it of payment of the premiums becoming due after the receipt of such proof,' then certainly in this case the language used makes the furnishing of due proof to the company of the total and permanent disability a condition precedent to the waiving of the payment of premiums becoming due thereafter. 'commencing with the first premium due after approval of said due proof.'

"To my mind it is impossible to contend, in the face of the Bergholm decision, that there is in that part of the contract here which deals with waiver of premiums after proof of permanent and total disability. any basis for the construction urged by the plaintiff. to wit. that it has as a possible meaning an agreement to waive premiums

from the beginning of disability, without regard to the time when proofs thereof are made.

"Even if it might be argued that there is ambiguity in that part of the contract dealing with waiver of premiums, it would not follow that there is ambiguity also in that part of the contract having to do with the payment of monthly income on account of total and permanent disability. I have tried to show there is no such ambiguity, that the language used in the contract is susceptible only of one meaning, and that that meaning is that the monthly income provided for is to be paid on account of disability from the time when due proof has been made thereof and in amounts expressly agreed to which, as agreed to, could not include payments on account of disability for any period prior to the furnishing of proof."

After applying the law of the cases just cited to the terms and conditions of the insurance policy under consideration, we conclude that the furnishing of proof of disability by the policyholder to the insurance company was necessary before the payments under the policy began to accrue.

Plaintiff's second cause of action deals with the question of waiver of premiums and is covered by the following provision of the policy:

"Waiver of Premium. The company agrees to waive further payment of premiums under said policy during the continuance of such disability. Any premiums so waived shall not be deducted from the sum payable in any settlement of said policy, but the waiver of premium payments shall have the effect of providing the same values and benefits as though the premiums waived had actually been paid in cash. Any premium due before the company approves the proof of disability is payable in accordance with the terms of said policy, but if due after receipt of said proof, will, if paid, be refunded upon approval of such proof."

Plaintiff contends that he was entitled to recover insurance premiums in the amount of $227.40 paid upon the policy after the commencement of the alleged disability. We observe that under the terms of the policy the company agreed to waive further payment of premiums under said policy during the continuance of such disability, but "Any premium due before the company approves the proof of disability is payable in accordance with the terms of said policy, but if due after receipt of said proof will, if paid, be refunded upon approval of such proof."

Under the provisions of that portion of the policy just quoted, we observe that the premiums are payable in accordance with the terms of the policy unless said premium

becomes due after the receipt of "proof." "Proof" here, no doubt, refers to the matter of "proof of disability," which is required to be filed with the company. If a premium becomes due after the receipt of proof of disability and the policyholder pays the same under the terms of the policy, he shall be entitled to a refund of the premiums so paid upon the approval of the proof of disability. We think the language of this portion of the insurance contract is sufficiently plain so as to show that the policyholder could not recover any premiums paid before the date of furnishing proof of disability to the insurance company. It was necessary that he furnish proof of disability to the insurance company before said clause of the policy was placed in operation. And until said proof was furnished, all payments of premiums due under said insurance policy must be paid in accordance with the terms of said policy.

The trial court instructed the jury in regard to that part of plaintiff's cause of action pertaining to the recovery of premiums paid, in substance, that if they found from the evidence that the premiums under consideration had been paid, and that the plaintiff was totally and permanently disabled during said period of time over which the premiums were paid, plaintiff was entitled to recover the same. Defendant excepted to said instruction and contends that, under the clause under consideration, the court erred in giving said instruction to the jury.

We have just discussed the clause of the insurance contract, and have arrived at the conclusion that the same did not entitle plaintiff to recover the premiums paid before the filing of proof of disability, therefore, the giving of said instruction was error.

The judgment of the trial court is reversed.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.