**MID-CONTINENT LIFE INS. CO. v. HARRISON.**

No. 25923. Oct. 22, 1935.

Rehearing Denied Dec. 10, 1935.

Application for Leave to File Second Petition for Rehearing Denied January 21, 1936.

[redacted]

544

Rittenhouse, Webster & Rittenhouse, for plaintiff in error.

Dan Welch and Hal Welch, for defendant in error.

PHELPS, J. This is an action on an insurance policy providing for payments in case of permanent disability or death. The question is whether the insured's beneficiary is precluded from recovery by the fact that the insured failed to serve proof of total permanent disability upon the insurer prior to the lapsing date of the policy, under the provisions of the particular policy herein construed. (Strictly speaking, there was no "lapse"; when we use that term we mean the date upon which the policy would have lapsed but for the facts herein recited.) The facts fairly deducible from the evidence are as follows:

On March 15, 1919, the defendant insurance company issued its policy on the life of plaintiff's husband, wherein plaintiff was named beneficiary. The insured, William H. Harrison, regularly paid the annual premiums in advance until March 15, 1928, at which time he gave the insurance company his note for the premium due on that date. It appears that this note was never paid, but due to the fact that both the plaintiff and defendant insurance company in their pleadings treated the date of lapsation as March 15, 1929, 31 days grace period thereafter, being April 15, 1929, was considered as the date upon which the policy "lapsed," at which time it had no cash surrender or paid-up insurance value. About two and a half months before the lapsing date of the

policy the insured became totally and permanently disabled (January 1, 1929), but no notice of said disability was furnished the insurance company. In September, 1929, the insured died. On July 25, 1931, the beneficiary, plaintiff herein, first furnished proof to the insurance company of the aforesaid disability and death. Replying that the the policy had lapsed on March 15, 1929, the company refused payment.

All of the policy's pertinent provisions concerning proof of total permanent disability are condensed as follows:

"Mid-Continent Life Insurance Co. agrees to pay ten thousand dollars upon receipt of due proof of the death of William H. Harrison, the insured, to Minnette Harrison, beneficiary; or * * * five hundred dollars per annum, during the lifetime of the insured, if the insured becomes wholly and permanently disabled, subject to all the terms, conditions and limitations contained in Section 1 hereof; * * * Section 1. Permanent Total Disability. If the insured shall furnish due proof that he has, within the premium paying period, * * * and before a default in the payment of premium, become wholly disabled by bodily injuries or disease, * * * and will be permanently, continuously and wholly prevented thereby for life from engaging in any gainful occupation, the company will pay to him, during his lifetime and such disability and in full settlement of this policy, annual installments—the first installment to be paid six months after receipt of due proof of permanent total disability. The amount of each such annual installment shall be. * * * If the insured shall die during such disability and before twenty such annual installments shall have been paid, the installments will continue to be paid to the beneficiary of the insured until 20 installments in all, including those paid to the insured shall have been paid. * * * Section 4. Renewal Premium. * * * Failure to pay when due any premium or any note given therefor, shall cause this policy to cease and determine except as herein provided, and all payments made thereon shall remain the property of the company."

Plaintiff obtained a judgment on the total permanent disability provision of the policy, and defendant appeals. There is no contention that the insured himself should have furnished the proof of total permanent disability, or that the beneficiary could not demand payments therefor except in continuation of prior disability payments already being made to the insured himself before his death. It was not urged in the pleadings or the briefs that the unusual delay in filing proof bars recovery,—though the mat-

ter is touched upon, by way of passing observation, in defendant's brief. Therefore this opinion does not consider those issues of law.

Plaintiff does not deny that premiums were unpaid for the period following March 15, 1929, which would have been the normal lapsing date of the policy, but contends that the liability of the insurance company became fixed when the insured became totally, permanently, and continuously disabled on January 1, 1929, which was prior to the lapsing date of the policy.

On the other hand, the insurance company asserts that the only manner in which the insured or his beneficiary could claim payments under the disability provision, was by furnishing proof of said disability to the company **prior** to the lapsing date of the policy (March 15, 1929, or with grace, April 15, 1929), even though it be admitted that his disability began before that date. That, then, is the only question before us.

The question of whether, in order for insured or beneficiary to claim total permanent disability benefits provided in life insurance policies, notice of such disability must be furnished the insurance company before the policy lapses for nonpayment of premium, is a subject of comparatively recent and prolific litigation. That is because it is only recently that insurance companies have incorporated those provisions in their contracts. In the various cases which we have examined, disability benefits appear to be of three classes: waiver of premiums, payment of stipulated monthly sums to the insured, and waiver of premiums plus payment of the monthly sums.

It is stated by some authorities that the cases are in hopeless conflict on this subject. Having come across that statement early in the study of this case, we decided to and did read virtually every opinion involving the precise point here considered and thereby came to the conclusion that. barring a few isolated cases, the authorities are not in hopeless conflict, but that nearly all of the cases wherein recovery was **denied** involved policies wherein the right to recovery, or right to waiver of premium, was expressly conditioned upon the furnishing of notice of disability prior to default in payment of premiums. On the other hand, virtually all of the cases **permitting** recovery involved policies wherein the notice of disability was not expressly required to be furnished before default in payment of premiums. It is

merely the difference between conditions precedent and conditions subsequent. As stated above, there are several decisions paying little heed to the distinction, but in the main the great majority of decisions on both sides of the line hinge on that general distinction. It is believed that a safe guiding rule is to examine the entire contract in each individual case, and determine, if possible, whether notification within the premium paying period is made a condition precedent to liability, or whether, on the other hand, liability becomes fixed by the mere occurrence of the disability within the premium paying period, later notification thereof being only a condition subsequent. If the contract is clear and explicit on the subject, there will usually be no need of resorting to the many principles applicable solely to insurance law.

Analysis of the following cases **denying** recovery reveals that, in each and all of the policies involved, notification within the premium paying period was made a **condition precedent**: New England Mutual Life Ins. Co. v. Reynolds (Ala.) 116 So. 151; Walters v. Jefferson Standard Life Ins. Co. (Tenn.) 20 S. W. (2d) 1038; Yohalem v. Columbian Nat. Life Ins. Co., 240 N. Y. S. 666; Orr v. Mutual Life Ins. Co., 57 F. (2d) 901; Fauer v. Aetna Life Ins. Co., 70 F. (2d) 693 (condition precedent not apparent in first provision of policy but apparent in subsequent provisions); Mid-Continent Life Ins. Co. v. Skye, 113 Okla. 184, 240 P. 630; Mid-Continent Life Ins. Co. v. Walker, 128 Okla. 75, 260 P. 1190 (dictum); Franklin Life Ins. Co. v. Fisher, 164 Okla. 193, 23 P. (2d) 151; Smith v. Missouri State Life Ins. Co. (Kan.) 7 P. (2d) 65; Burgholm et al. v. Peoria Life Ins. Co., 284 U. S. 489, 52 S. Ct. 230, 76 L. Ed. 416.

Conversely, analysis of the following cases **permitting** recovery reveals that in the policies involved therein notification within the premium paying period was made a **condition subsequent**: American Nat. Ins. Co v. Rardin, 74 Okla. 146, 177 P. 601; Pfeiffer v. Missouri State Life Ins. Co. (Ark.) 297 S. W. 847, 54 A. L. R. 600; Marti v. Midwest Life Ins. Co. (Neb.) 189 N. W. 388, 29 A. L. R. 1507; Bank of Commerce & Trust Co. v. N. W. Nat. Life Ins. Co. (Tenn) 26 S. W. (2d) 135; Metropolitan Life Ins. Co. v. Carroll (Ky.) 273 S. W. 54; Southern Life Ins. Co. v. Hazard (Ky.) 146 S. W. 1107; Kimel v. Missouri State Life Ins. Co. 71 F. (2d) 921.

In none of the above cases involving a condition subsequent did the court deny recovery, but in two cases involving conditions precedent (wherein ordinarily recovery would be denied) the courts permitted recovery notwithstanding that fact, said cases being Minnesota Mut. Life Ins. Co. v. Marshall (C. C. A.) 29 F. (2d) 977, and Levan v. Metropolitan Life Ins. Co. (S. C.) 136 S. E. 304. The Marshall Case has been criticised by several courts on the ground that it involved a condition precedent policy, yet permitted recovery in the absence of notice during the premium paying period. The Supreme Court of the United States, however, in Burgholm v. Peoria Life Ins. Co., 284 U. S. 489, 76 L. Ed. 416, adjudging nonliability, commented upon the Marshall Case and apparently approved it on the theory that the notification required by the policy in the Marshall Case was considered by the Circuit Court of Appeals (50 F. [2d]67) to be a condition subsequent.

The provision concerning notice of disability contained in the policy in Pfeiffer v. Missouri State Life Ins. Co., supra (permitting recovery), did not require that proof be furnished prior to the expiration date of the policy, just as there is an absence of that requirement in the present policy. The court there said:

"The clause of. the policy with respect to giving notice of permanent disability of the insured is a condition subsequent and, as we have already seen, should be construed liberally in favor of the beneficiary. The condition of the policy in respect to giving notice of permanent disability as well as making proof of death operates upon the contract subsequent to the fact of loss."

In Bank of Commerce & Trust Co. v. N. W. Nat. Life Ins. Co., supra, (permitting recovery), the policy provision concerning notification of disability contained language indicating a condition precedent instead of condition subsequent. Yet the court held that other limitations elsewhere contained in the policy were repugnant to that limitation, creating ambiguity, a situation to be resolved in favor of the insured. No such distinction is necessary in our case. The ordinary meaning of the disability provision is best explained in its own words:

"If the insured shall furnish due proof that he has, within the premium paying period, and before a default in the payment of premium, become wholly disabled," etc., the company will pay to him or to his beneficiary the annual installments.

The Washington case of Wick v. Western Union Life Ins. Co., 175 P. 953, involved a policy provision which, in part, was substantially identical with that in the policy before us. The decision was for the defendant insurance company. Close analysis of that opinion, however, and particularly the latter half thereof, makes it quite apparent that the policy contained other provisions clearly indicating that the notification was intended as a condition precedent, and that there was no need for the peculiar argument that the word "has" was used in significance of a present event, as distinguished from a past event.

If notice before default is not required, under a policy containing a "condition subsequent" provision concerning notification, wherein the only effect of disability is to waive payments of future premiums, then all the more reason exists why it should not be required in a policy, such as ours, wherein the notification is likewise a condition subsequent and the disability is one of the very things insured against, as distinguished from merely entitling the insured to relief from further payments of premiums. This policy does not insure against loss of life alone, it insures both against loss of life and against total disability, and it must be presumed that the annual premiums were increased accordingly. A reading of the policy clearly indicates that Harrison was as thoroughly insured against disability as against death, and paid for both. The provision for disability was not merely ancillary to the insurance against death, as is sometimes the case in policies where the disability merely avoids premium payments during disability. By the plain terms of the policy liability attached when total and permanent disability was sustained. Since this is insurance against disability as well as against death, let us eliminate consideration of the death provision for the time being: would it be contended, if there had been no death provision in the policy, that failure of the insured to notify the company after the occurrence of disability and before default in premium would preclude him from recovery? Obviously not. Then there is no reason for furnishing the notice, merely because the life insurance feature is present, because the life insurance and the disability insurance are in no way dependent on each other. Nowhere in the policy (as in many cases) is any reference to waiver of premiums to be found. In fact, on proof of permanent total continuous disability, the installments to be paid the insured are to be "in full settlement of this policy." thus

cutting off a subsequent recovery on the death provision. Total disability was one of the two misfortunes insured against, rating equally with death except that the payments would be made in installments equal to but instead of a lump sum.

In policies which merely waive future premium payments upon disability, there is a logical reason for requiring notification of disability prior to the next premium date. That reason is that in order to keep the policy **in force** the said premiums must be paid, either by the insured or by the company, but that reason disappears entirely upon the happening of the thing which is insured against, for the happening of the disability matures the policy, after which there is no reason or necessity for the payment of future premiums, either by the insured or the insurer. This, plus the additional provisions in the Wick Case referred to above, is the chief distinction between the Wick Case and the instant case.

This same court has held oppositely, but consistently, upon this general question; that is to say, in Mid-Continent Life Insurance Co. v. Skye, 113 Okla. 184, 240 P. 630, and Franklin Life Ins. Co. v. Fisher, 164 Okla. 193, 23 P. (2d) 151, we held that the provision concerning notification required such notification prior to default in payment of premiums, the language of such provision clearly setting forth a condition precedent; but in American Nat. Ins. Co. v. Rardin, 74 Okla. 146, 177 P. 601, in construing a policy where the requirement was merely a **condition subsequent,** we permitted recovery. This was consistent, and all three cases were in accord with the weight of authority. The plaintiff in error's policy in the Skye Case, supra, was different from its policy in the instant case. In the Rardin Case we said:

"It is urged here that, because no notice was ever communicated to the defendant of the total disability of the assured to engage in any gainful occupation, the plaintiff cannot make claim for the benefits under such provision. There is a total absence in this policy of a provision that fixes any specified time within which said notice should be communicated to the company. This being true, we are not warranted in saying that there was an unreasonable time elapsed between the expiration of the last quarterly payment and the death of the assured. We are of the opinion that the material question to be determined, in order to fix liability under said contract, was whether or not the assured did in fact become totally disabled to the extent that he was unable to engage in any gainful occupation. When this condition attached, then the clause in said policy, which provides that all premiums therein would immediately cease, became operative. * * * If the defendant intended that a failure to give this notice should deprive the assured, or his beneficiaries under said policy, of the benefits of this provision, then there should have been a clear and express provision for a forfeiture before this court will feel justified in enforcing it."

This is not a case where the court needs to indulge the principle that if a policy is susceptible of two constructions, or is ambiguous, the construction should be followed which is more favorable to the insured. It is clear to us that the requirement that the disability should take place, or begin, during life of the policy, is placed there for the same reason that the requirement of death ensuing during life of the policy was placed there, and for no other reason,—and that in this particular policy there would be no more substantial reason for requiring notification before the succeeding premium date than there would be for requiring notification of death before the succeeding premium date. The happening of total permanent disability put an end to premiums, not because the policy said so—for it didn't —but because liability thereby attached, the policy matured, the death benefit thereby dissolving and in its stead the disability installments starting, "in full settlement of this policy." The fact that proof was required before actual payment by the company has nothing to do with the fact that said proof was not required before the next premium date. Upon the happening of the thing insured against, there would be no more premiums to be paid, and therefore no "next premium date," and the principle is the same whether he thereafter lived or died. In Smith v. Missouri State Life Ins. Co., 7 P. (2d) 65, 69, the Kansas court, in correctly denying relief to insured under a "condition precedent" policy, observed:

"It is impossible to entirely reconcile the two lines of authority. * * * In the one line of cases the courts have gone far afield to find an ambiguity in the contract, and have overlooked the fact that the contract does not pretend to insure against disability, but merely makes disability, when coupled with proof or notice to the company, a settlement or waiver of the premium"

—which indicates that had the contract pretended to insure against disability, as does the contract in the instant case, the result may have been different. The differences be-

548

tween that case and this are that here (1) there is an insurance against disability itself, (2) there is no ambiguity, (3) the language of the contract does not permit the inference that a condition precedent was intended. It is a mistake to look upon the disability protection as a feature which is just "thrown in free," which may possibly be the case in some policies wherein the sole effect of the disability is waiver of premiums. Where upon disability there are to be payments to the insured, as distinguished from waiver of premiums, such extra insurance is charged for in the premiums, and must be paid by insured; therefore, there is a strong argument for the view, suggested in some of the decisions, that even in a condition precedent policy, if said policy provides for affirmative **payments** upon disability, it would be too great a hardship to impose necessity of notice prior to premium paying date in order to recover for the very thing which the policy has insured against, and for which insurance the insured has paid a premium in excess of the amount the premium would be if it were straight life insurance without the disability protection.

These contracts are carefully prepared by the insurers, after great deliberation, with the aid of experienced executives and counsel who usually are specialists in the law of insurance. Aided by such experience and ability, every reasonably predictable contingency is minutely provided for. Had it been the intention of the defendant to limit the notification time to the period herein discussed, surely that intention would have been expressed in language other than phrases denoting the very opposite.

The judgment is affirmed.

McNEILL, C. J., and RILEY, BUSBY, and GIBSON, JJ., concur.