NEW YORK LIFE INS. CO. v. MORGAN.

No. 28820. March 12, 1940.

Rehearing Denied May 7, 1940.

*101 P. 2d 826.*

W. F. Wilson and W. F. Wilson, Jr., both of Oklahoma City (Louis H. Cooke, of New York City, of counsel), for plaintiff in error.

Dudley, Hyde, Duvall & Dudley, of Oklahoma City, for defendant in error.

DAVISON, J. This action was instituted on August 1, 1935, in the district court of Oklahoma county by William Morgan, Jr., as plaintiff, to recover disability benefits alleged to have accrued under a policy of insurance issued by the New York Life Insurance Company, a corporation, which was named as defendant.

The right to trial by jury was waived and the cause tried to the court on November 22, 1937, resulting in judgment for the plaintiff for the principal sum of $1,513, plus accumulated interest.

The defendant presents the case for review, appearing herein as plaintiff in error, and urges as its principal contention that:

"The judgment of the trial court awards to the plaintiff a recovery for temporary total disability under a policy of insurance the coverage of which is for total permanent disability."

Under plaintiff's pleading and proof offered in support thereof, he became totally disabled by reason of sickness on October 6, 1934. He was thereafter continuously and totally disabled until February 5, 1935.

Previous to the period of disability above mentioned (June 6, 1923) the defendant company had issued to the plaintiff an insurance policy insuring his life for the sum of $25,000, containing provisions for the payment of disability benefits in the sum of $250 per month as well as provisions for the remainder of premiums falling due during disability contemplated by the policy.

The policy was still in force at the time of and during the period of disability for which liability is herein sought to be imposed. The premium on the policy was payable annually on the 6th day of December. One annual premium for the sum of $1,013 became due while the plaintiff was disabled. It was paid by the plaintiff, who subsequently sought to, and by the judgment of the trial court, did, recover the same in this action. It constituted a part of the principal sum for which judgment was rendered, the remainder thereof consisting of disability benefits payable for two months (December 6, 1934, to February 6, 1935) at the rate of $250 per month.

The provisions of the policy upon which the decision of the trial court rests read:

"Disability Benefits:

"And the Company Agrees to pay to the Insured One Per Cent of the face of this policy ($10 per $1,000 each month) during the lifetime of the Insured and also to waive the payment of premiums, if the Insured becomes wholly and permanently disabled before age 60, subject to all the terms and conditions contained in Section 1 hereof. * * *

"Section 1—Disability Benefits:

"1. Disability Benefits shall be effective upon receipt at the Company's Home Office, before default in the payment of premium, of due proof that the Insured became totally and permanently disabled after he received this policy and before its anniversary on which the Insured's age at nearest birthday is sixty years.

"Disability shall be deemed to be total whenever the Insured becomes wholly disabled by bodily injury or disease so that he is prevented thereby from engaging in any occupation whatsoever for remuneration or profit, and *under this contract disability shall be presumed after the Insured has been continuously so disabled for not less than three months and during all of that period prevented from engaging in* any occupation for remuneration or profit. The permanent loss of the sight of both eyes, or the severance of both hands or of both feet, or of one entire hand and one entire foot, shall be considered total and permanent disability without prejudice to other causes of disability.

"2. Income Payments: The Company will pay the insured, or if such disability results from insanity will pay the beneficiary in lieu of the Insured, a monthly income of one per cent. of the face of the policy during the lifetime of the Insured and the continuance of such disability. The first income payment shall become due on the first of the calendar month following receipt of proof of total disability for three consecutive months, as above, and succeeding payments shall become due on the first day of each calendar month thereafter. Any income payments becoming due before the Company approves the proof of disability shall become payable upon such approval, and subsequent payments will be made as they become due. * * *

"The sum payable in any settlement of the Policy shall not be reduced by income payments made or premiums waived under the above provisions. The loan and surrender values, provided for in sections 3 and 4 of this policy, shall be calculated on the basis employed in said sections the same as if the waived premiums had been paid as they became due. The amount of the dividends provided for in section 2 will be the same as if the waived premiums had been paid as they became due. * * *

"5. Recovery From Disability: The company may from time to time de-

mand due proof of the continuance of such total disability, but not oftener than once a year after such disability has continued for two full years, and upon failure to furnish such proof, or if it shall appear to the Company that the Insured is able to engage in any occupation for remuneration or profit, income payments shall cease and the payment of any premium thereafter falling due shall not be waived."

It may be noted at this point that the presumptive clause of the policy now before us is slightly different in wording than the comparable clause in many of the policies involved in decisions which we shall hereafter mention, in that it provides that the continuance of disability for the specified time shall create a *presumption of disability,* whereas most policies provide in substance that the continuance of disability shall create a presumption of permanency. However, the word disability, as used alone in the presumptive clause, must be considered as alluding to the class of disability compensable under the policy, which comprehends permanent disability as that term is used in the preceding portion of the insurance contract. Thus it is obvious that the difference in wording of the presumptive clause is not sufficient to create the basis of a distinction. Since neither of the parties urges such a distinction, further analysis and comparison of the clause will not be made. It will be treated in this opinion as comparable to clauses of the same import though differently worded.

The question presented in this case is whether, as plaintiff contends, the disability of the plaintiff, which continued for a period in excess of three months, was conclusively presumed to be permanent within the meaning of that term as used in the contract of insurance, thus warranting recovery of disability benefits even though the disability has in fact terminated and is therefore not permanent, within the meaning of that word as used in a strictly literal sense and without modification of its meaning by agreement of the parties, or whether, as defendant asserts, the disability must in fact be permanent in order to warrant recovery.

The precise question has not heretofore been decided by this court, and the decisions of the courts of other states, when analyzed, show a definite division of authority. However, although our own past decisions do not definitely commit us to either view on the controversial question, they indicate a trend which, upon consideration of broad and fundamental legal concepts generally applied to somewhat analogous questions, serves as a guiding light in determining the path we shall tread.

Insurance policies are contracts. They are prepared by the companies, which issue them. Except in matters where the language thereof is prescribed by statute (a situation not involved in the case at bar) the company is responsible for the terms of the policy and any uncertainty in the meaning thereof. Thus, with reference to such ambiguity, the company is the "party who caused the uncertainty to exist" within the meaning of section 9478, O. S. 1931 (sec. 15, Okla. Stat. Ann. § 170), and by the direction of that statute, the contract should be "interpreted" most strongly against it. This court has uniformly held that where an insurance contract is susceptible of two or more constructions, that meaning must be attributed to the language employed which is most favorable to the insured. Continental Casualty Co. v. Good, 170 Okla. 477, 41 P. 2d 77; Wilson v. Mid-Continent Life Ins., 159 Okla. 191, 14 P. 2d 945; Bankers Reserve Life Co. v. Rice, 99 Okla. 184, 226 P. 324; Atlas Life Ins. Co. v. Spitler, 178 Okla. 537, 63 P. 2d 82.

If the policy before us is fairly susceptible of the construction urged by the plaintiff and adopted by the trial court, our decision should be one of affirmance, even though the contract is also susceptible of the interpretation which the company desires to place upon it.

The case of Maze v. Equitable Life Insurance Co. of Iowa (Minn.) 246 N. W.

737, though not directly in point by reason of a difference in the language of the policy before the court, is sufficiently analogous to be enlightening, and is especially valuable in demonstrating that the word "permanent" in a policy of this character cannot be given a literal meaning and made to square with other provisions of the policy.

The policy in that case provided for disability benefits when the insured had become "totally disabled by bodily injury or disease so that he will thereby be permanently, wholly, and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, and that such total disability has then existed for not less than 60 days. * * *" The language quoted is less favorable to the insured than that contained in the policy now before us, since no provision appears there, as in the case at bar, creating a presumption of permanency by reason of the expiration of the waiting period. Yet the court allowed recovery for a disability which had terminated (which was somewhat longer than the disability of the plaintiff herein). While some of the language used in the cited case is such that it might be urged, under the particular provisions of that policy, that recovery might not have been allowed for a disability extending but slightly beyond the waiting period prescribed by the contract, the reasoning of the court is particularly beneficial in the case at bar in demonstrating the unsoundness of the contention of the defendant that the word "permanent" should be taken in a literal sense.

It was therein said that: "* * * The word 'permanent' as used in a contract of the character now before us is to be construed according to its nature and in its relation to the subject matter of the contract." It was pointed out that the provision of the policy which, as in the case at bar, provided for the waiver of premiums and the payment of disability benefits during the "continuance of such disability," and which also provided for periodical proof of

continuance of disability, demonstrated an intention on the part of the company to pay for disability which might not in fact be permanent as that word is used in a literal sense.

Subdivision 5 of section 1 of the policy now before us is worthy of special notice on the question under consideration. Provision is there made by the company for the contingency of cessation of disability. It is provided that "income payments shall cease and the payment of premiums *thereafter falling due* shall not be waived." Notice in particular that such termination of disability does not purport to effect waiver of premiums which previously fell due during the disability, but, on the contrary, is expressly limited to premiums thereafter falling due.

In this connection attention should also be directed to paragraph 4 of section 1, which provides for refund of premiums paid during disability when proof thereof has been furnished and approved.

Yet the company, in the case at bar, urges that the termination of disability deprived the insured of the benefit of the waiver of premium clause, as applied to a premium that fell due before the disability ceased, an asserted effect of the cessation of disability which clearly was not contemplated by the language used in the policy.

Treating the question under consideration in connection with a policy containing provisions substantially corresponding to the one now before us, it was said in Deitlin v. Missouri State Life Ins. Co. (Cal. App.) 14 P. 2d 331:

"The presumption in the present case is not a creature of statute, but is found in the agreement of the parties. We cannot assume that the parties merely intended that the presumption should be rebuttable. It is more logical to assume from a reading of all of the disability provisions of the life policies that the parties intended, by creating the presumption, to definitely set at rest the question of whether a total disability continuing for not less than three months

should be treated as 'permanent' within the meaning of the policies. While the clauses preceding indicate that the disability must be such as to 'prevent the insured then and at all times thereafter from engaging in any gainful occupation,' the clauses following clearly indicate that the company intended to assume liability in some cases until 'it appears that the insured has recovered so as to be able to engage in any gainful occupation.' The preceding clauses indicate the necessity of absolute permanency in order to render the company liable in any case while the clauses following indicate that absolute permanency is not always required. In between stands the clauses in question, whereby the parties agreed that total disability existing continuously for not less than three months should be presumed to be 'permanent' within the meaning of the policies. We believe that a reading of all of these clauses indicates that the parties intended to create conclusive rather than a rebuttable presumption to apply so as to entitle the assured to the disability benefits during the entire period that such total disability might continuously exist. At any rate these life policies issued by the company are reasonably subject to such construction, and, under the settled rule, any doubt or uncertainty must be resolved in favor of the assured."

Considering a somewhat similarly worded policy, this court said by way of dictum in New York Life Ins. Co. v. Razzook, 178 Okla. 57, 61 P. 2d 686:

"Either one of these conditions is sufficient to make total disability presumably permanent within the meaning of the policy. The policy does not require actual * * * disability although it does require actual total disability as that term has been construed by the courts. If an insured under such policy as the one here being considered were totally disabled and the total disability continued for more than three consecutive months immediately preceding receipt of proof thereof to the insurance company, the disability benefits would be payable under the policy until a recovery from the disability had taken place. * * *"

Also, in New York Life Insurance Co. v. Riggins, 178 Okla. 36, 61 P. 2d 543, we said:

"The policies under consideration, by their definition of total and permanent disability, provide for the operation of these premium waiver features in the event of either of the two classes of disability, both of which are classified as total and permanent. One class of disability is that which in truth and in fact is total and permanent. The other is total and continuous. It must continue for a period of three consecutive months or more. Obviously many cases may arise in which an individual, though totally disabled, is unable to establish the actual permanent character thereof. In such event his rights are protected only by the continuation of such disability for a period of three months."

See, also, Heralds of Liberty v. Jones (Miss.) 107 S. 519; Grafe v. Fidelity Mut. Life Ins. Co. (Mo. App.) 84 S. W. 2d 400; Bubany v. N. Y. Life Ins. Co. (N. M.) 51 P. 2d 864; New York Life Ins. Co. v. Gunn (Ky.) 69 S. W. 2d 1018; DeVore v. Mutual Life Ins. Co. of N. Y. (Mont.) 64 P. 2d 1071; Lando v. Equitable Life Assur. Soc. of the U. S. (Cal.) 11 F. S. 729.

While some of the foregoing cases might be distinguished on the basis of a difference in the language used in the policy, as for instance, New York Ins. Co. v. Razzook (Okla.) supra; DeVore v. Mutual Life Ins. Co. (Mont.) supra; Bubany v. N. Y. Life Ins. Co. (N. M.) supra, we deem the distinction one of form rather than substance insofar as the question now before us is concerned, and upon consideration of them in conjunction with the cases more precisely in point, as above treated and cited, we are of the opinion that, considering the applicable provisions of the policy together, the presumption of disability which arises from a continuance thereof for a period of three months is, by agreement of the parties, conclusive in nature, and that plaintiff is entitled to recovery even though his disability had ceased at the time he instituted this action.

In so holding, we do not mean to intimate that defendant's position is without supporting authority or argu-

ment. Indeed, very respectable authority supports its position; however, under the authorities heretofore reviewed, the policy is reasonably susceptible of the construction herein adopted, and our own decisions impel us to accept it, since it is the one favorable to the insured.

It is next urged by the defendant that timely and sufficient proof of disability was not given and that recovery should be denied for that reason.

As we have noted, plaintiff's disability commenced on October 6, 1934, and terminated February 6, 1935. The three-months presumptive period terminated January 6, 1935. Since the plaintiff relies for recovery upon the continuation of disability for the prescribed time necessary to bring his case within the presumption created by the policy, the time when the company became obligated to make its first payment of monthly income disability benefits is determined by the second alternative provision of that portion of subdivision 2 of section 1 reading:

"The first income payment shall become due on the first day of the calendar month following receipt of proof of total and permanent disability *or proof of continuous total disability for three consecutive months.*" (Emphasis ours.)

While it was quite possible for plaintiff to furnish proof of the existence and continuation of disability prior to the termination of the three-months period, it was obviously and utterly impossible to establish its duration for three months until the expiration of that period.

The record reflects that the defendant was advised of the existence of plaintiff's disability by letter of his attorney, J. B. Dudley, dated November 26, 1934, to which the company replied through the chairman of its committee on disability claims, under date of December 3, 1934. In this connection forms for more formal proof of disability were enclosed. These forms were filled out and returned by mail on December 13, 1934, and received by the company on December 17, 1934. On De-cember 19th the company wrote Mr. Dudley as follows:

"Dear Sir:

"We are in receipt of your letter of December 13, with which you enclose forms Number 1 and Number 2 submitted in connection with the above named Insured's claim for disability benefits.

"Inasmuch as total disability is claimed from October 6, 1934, the completed papers are being placed on file to receive attention on January 6, 1935, in the event that total disability continues until that date, that is, after there has been a period of three months' continuous total disability within the meaning of the Disability Benefit Provision contained in the policy."

The company thus pointed out in effect that the proof of disability both informal and formal had been furnished prior to the date deemed proper by it to act in connection therewith, but accepted the same as sufficient in form and filed it for future attention.

The record reflects that thereafter, on January 19th, the company advised the plaintiff that it was investigating his claim for disability, and that thereafter, on January 21st, *it rejected the claim for the sole asserted reason* that there had not been continuous disability for three months. In its letter it stated:

"From the evidence submitted and information obtained, it does not appear to the Company that there has been a period of three months' continuous total disability within the meaning of the Disability Benefit Provision contained in the policy."

Parenthetically, we may note at this point that, as exemplified by the above quotation, the company did not, at that time, consider that anything other than continuance of disability for three months was essential to the accrual of liability under its policy; a point which might become an important factor if other considerations already set forth did not demonstrate the contractual liability of the company. Maryland Casualty Co. et al. v. Whitt, 167 Okla. 261, 29 P. 2d 65.

Returning to the question of proof, and considering briefly the sufficiency of form thereof, it is appropriate to mention that the letter of November 26, 1934, was in itself suffiicient until the company requested a more formal document. Mid-Continent Life Ins. Co. v. Tackett, 149 Okla. 147, at p. 149, 299 P. 862; Insurance Co. v. N. A. Cochran, 59 Okla. 200, 159 P. 247. Inasmuch as more formal proof was furnished upon request, the company is not in a position to complain upon that point. The letter being sufficient until request for formal proof was made, the proof must be deemed to have been made as of the date of receipt of the letter of November 26th by the company, which was apparently on or about the 1st day of December, 1934, which was before the due date of the annual premium recovery for which was allowed in this action.

The trial court rightfully held that the proof of disability should be deemed to have been furnished as of the date of the receipt of the above-mentioned letter and by virtue thereof, but it also held (whether rightfully or not we do not decide) that the furnishing of proof was a condition precedent to the accrual of liability for disability, and in accord with such holding denied recovery for disability preceding the letter. This holding was predicated, it is said, upon Franklin Life Ins. Co. v. Fisher, 164 Okla. 193, 23 P. 2d 151. But in this connection consider and compare Mid-Continent Life Ins. Co. v. Harrison, 175 Okla. 543, 53 P. 2d 266; and New York Life Insurance Co. v. Riggins, 178 Okla. 36, 61 P. 2d 543.

While suggesting the possibility of a distinction between this and the Franklin Case, and the possible applicability of the other authorities on the question of whether proof of disability is a condition precedent to the accrual of liability for disability as distinguished from duty to make payments under the policy, we express no opinion as to the correctness of this phase of the trial court's holding for the reason that the plaintiff has filed no cross-appeal, and the error, if any, is favorable to the defendant (plaintiff in error). The trial court did not allow recovery for any disability preceding the proof therein.

In connection with its complaint concerning the sufficiency of the proof, the company urges in substance that, since plaintiff's right to recover rests upon a presumption created by the continuance of disability for a period of three months, such presumption when available is strictly prospective in its operation, and that compensable disability does not commence until the termination of the three-months period. Some confusion of thought is created by combining the argument on this point with the argument relating to the necessity of timely proof, under the policy now before us, because, as we have previously pointed out, proof that disability has continued for three months cannot be made until the termination of the period.

The position of the company that plaintiff could only claim disability benefits for the period of disability subsequent to January 6, 1935 (three months after the actual commencement thereof) is not without supporting authority. Clarke v. Equitable Life Assur. Soc. of the United States (Colo.) 68 P. 2d 541; Richards v. Metropolitan Life Ins. Co. (Wash.) 55 P. 2d 1067. While the foregoing cases as well as many other cases of similar import might be distinguished from the case at bar, on the basis of a difference in the policy provisions before the court, we think it must be conceded that there is a line of authority which, if followed, would sustain the defendant's position even under the policy provisions now before us.

However, we are of the opinion that better reasoning supports the view that the obligation of the company, under the policy here presented, is to pay disability benefits for the time during which disability has actually existed, and where reliance is placed upon the presumptive clause, at least, during that portion of the three-months' period

which succeeds the making of proof of disability (if not during the portion thereof which preceded the proof, is a question which, as we have noted, is eliminated in the case at bar).

Of particular importance upon this point is that portion of subdivision 2 of section 1 which reads: "The company will pay the insured * * * a monthly income * * * during the * * * *continuance of disability.*"

Had it been the intention of the company to pay only for that portion of the continuance of disability which succeeded the first three months thereof, surely language appropriate to definitely convey that meaning could have been chosen. As was said by this court in Mid-Continent Life Ins. Co. v. Harrison, 175 Okla. 543, 53 P. 2d 266, in commenting upon the effect to be given the language of a policy, the court said:

"These contracts are carefully prepared by the insurers, after great deliberation, with the aid of experienced executives and counsel who usually are specialists in the law of insurance. Aided by such experience and ability, every reasonably predictable contingency is minutely provided for. Had it been the intention of the defendant to limit the notification time to the period herein discussed, surely that intention would have been expressed in language other than phrases denoting the very opposite."

More directly in point upon this question is the language and holding of the New England Mut. Life Ins. Co. of Boston, Mass., v. Hurst (Md.) 199 A. 822, in which, at pages 831-832, the court said:

"The purpose of the policy was to provide the policyholder with a monthly income during the period of total and permanent disability. It was stated in two headings in capitals on the supplemental agreement that this was the effect of the agreement. *If it had been the intention to lessen the period of protection, it should have been expressed in such a manner clearly to nullify the effect of the form in which the agreement was cast by the assurer.* The

fact that the contract provided that the payment of the income would be upon the receipt of the formal proof by the assured of his required physical or mental incapacity and its existence for a period of ninety days did not affect the amount of the monthly income which had accrued due from the time of such disability, but referred to the time when the carrier would be in default and the assured would be entitled to enforce the payment. Unlike the terms of many policies, the language used does not diminish the period during which the income is promised by the time which elapses until the proof of the claim is delivered to the assurer." (Emphasis ours.)

See, also, National Life & Accident Ins. Co. v. King (Miss.) 59 So. 807.

From the correspondence of the company with the plaintiff in connection with his claim for disability, it would seem that prior to the institution of this case the company construed its own possible liability under the policy in accord with the view so clearly expressed by the Maryland court. In its letter of December 3, 1934, it said:

"However, in view of the advices contained in your second letter that the insured is sick, confined to his bed with a severe nervous attack since October 6, 1934, we are, of course, willing to give due consideration to the question of disability *claim for that date* and in that connection, enclose herewith blank form Number 1 to be completed by the insured and blank form Number 2 for completion by the insured's attending physician." (Emphasis ours.)

And again in its letter of December 19th it said:

"Inasmuch as total disability is claimed from October 6, 1934, the completed papers are being placed on file to receive attention on January 6, 1935, in the event that total disability continues until that date, that is, after there has been a period of three months' continuous total disability within the meaning of the Disability Benefit Provision contained in the policy."

The company official who framed the foregoing communication did not question the propriety of claiming disability

benefits from October 6th in the event total disability should continue until January 6, 1935. These allusions to liability under the policy are not without legal significance. Maryland Casualty Co. v. Whitt, supra. However, we do not deem an application of the legal principle relating to construction of the provisions of a contract by the parties thereto necessary to a determination of this controversy. The language of the contract reviewed from the standpoint of our decisions commanding the resolution of doubt in favor of the insured, together with authorities heretofore mentioned, adopting the view that similarly worded clauses creating presumptions in insurance contracts do not operate to diminish the period of liability by eliminating liability during the first three months of disability, amply support the judgment of the trial court.

We conclude, and hold, as did the trial court, that a policy of insurance which contemplates the payment of disability is not altered so as to eliminate a portion of the period there described, by the presence in such policy of a clause creating a conclusive presumption of compensable disability by the continuation thereof for the first three months.

While the defendant does not specifically attack the sufficiency of the evidence to support the view that the plaintiff was totally disabled during the four-months period heretofore mentioned, there is in its brief some allusions to the proof indicating it is not entirely satisfied upon that point. We have examined the evidence in the light of the legal test of total disability as formulated by this court (see syllabus 5 of the New York Life v. Riggins, supra) and find it sufficient.

No substantial error prejudicial to the rights of the defendant appearing in the record, the judgment of the trial court is affirmed.

RILEY, OSBORN, HURST, and DANNER, JJ., concur. BAYLESS, C. J., and GIBSON, JJ., dissent. WELCH, V. C. J., and CORN, J., absent.