## GUNTER v. PRUDENTIAL INS. CO. OF AMERICA.

No. 29009.    March 26, 1940.

*100 P. 2d 851.*

12

J. Berry King, George Fagin, and Rittenhouse, Webster & Rittenhouse, all of Oklahoma City, for plaintiff in error.

James H. Ross and V. E. McInnis, both of Oklahoma City, for defendant in error.

PER CURIAM.   On January 28, 1938, the plaintiff in error, hereafter referred to as plaintiff, instituted this and another action against the defendant in error, hereafter referred to as defendant, to recover certain premiums which had been paid and certain disability benefits claimed to be due under the terms of waiver of premium and total disability provision contained in two policies of insurance upon the life of one Caldeen Gunter.  The provision under which liability was sought to be fixed was the same in both policies and reads as follows:

"Disability Before Age 60—Waiver of Premium.—

"If the insured, after the first premium on this Policy has been paid, shall furnish due proof to the Company, while this Policy is in full force and effect and while there is no default in the payment of premium, that he, at any time after payment of such first premium, while less than sixty years of age, from any cause whatsoever shall have become permanently disabled or physically or mentally incapacitated to such an extent that he by reason of such disability or incapacity is rendered wholly and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value, the Company upon receipt of such proof will waive the payment of each premium that may become payable thereafter under this Policy during disability.  Without prejudice to any other cause of disability, the permanent loss of the sight of both eyes, or loss by severance of both hands above the wrists, or of both feet above the ankles, or of one hand and one foot, shall be considered disability or incapacity within the meaning of this provision.

"Disability Before Age 60 —Monthly Income to the Insured.—

"If such disability shall occur before the Insured is sixty years of age the Company will, in addition to such waiver, pay to the Insured monthly as specified on the first page hereof, the sum of $10 for each $1,000 of the Face Amount of Insurance under the Policy.  The first monthly payment shall be made six months after the Company shall have received such proof and subsequent payments shall be made on the first day of each month thereafter during such disability."

The several actions were consolidated for trial.  In the amended petitions of plaintiff she alleged, in substance, the issuance of the policies, the payment by the insured of all premiums due thereon, the death of the insured on March 10, 1937; that the insured had become totally disabled on January 1, 1930, and by reason of not having possession of the policies and being ignorant of the provision therein relative to the waiver of premiums and disability benefits, had failed to furnish proof of the disability, and that plaintiff had furnished such proof as soon after the death of the insured as she was able to do so; that the defendant had denied liability under said provision of the policies and had refused to refund the premiums which had been paid by the insured or to pay any benefits under the disability provision.  Demurrers were sustained to the amended petitions, and when the plaintiff declined to plead further, the actions were dismissed and judgments were entered in favor of the

defendant for costs. The plaintiff appeals from the orders and judgment so rendered.

The sole issue presented by the appeal is whether the obligation to waive premiums and pay disability benefits arose upon the receipt of proof of disability or upon happening of the disability. The plaintiff relies almost entirely upon the case of Mid-Continent Life Insurance Co. v. Harrison, 175 Okla. 543, 53 P. 2d 266, to sustain her contention that the proof required in the above-quoted clause in the policies was a condition subsequent, and therefore entitled her to maintain the action. We are unable to agree with this contention. In the above-cited case it was carefully pointed out that the language of the contract in each individual case should be carefully considered and effect given to the intent and meaning of the parties as therein shown; that where the parties by apt words have made the furnishing of proof a condition precedent to accrual of liability, until such proof has been furnished no liability arises. Adopting the suggestion contained in the foregoing case, it will be noted that the language employed by the parties in the contract provision here involved is, in substance, as follows:

"If the insured * * * shall furnish due proof * * * while this policy is in full force and effect * * * that he * * * from any cause whatsoever shall have become permanently disabled * * * the company upon receipt of such proof will waive the payment of each premium that may become payable thereafter under this policy during such disability. * * * The Company will, in addition to such waiver, pay to the insured $10 for each $1,000 of the face amount of the insurance under this policy. The first monthly payment shall be made six months after the company shall have received such proof and subsequent payments shall be made on the first day of each month thereafter during such disability."

It will be noted that the above language is simple, plain, and unambiguous and explicitly provided that the obligation of the company to waive premiums and to pay benefits was to arise upon the receipt by it of proof of disability of the insured and did not arise until the required proof had been furnished and then was only for subsequent premiums and benefits. In other words, as said by the Supreme Court of United States in Bergholm v. Peoria Life Insurance Co., 284 U. S. 489, 52 Sup. Ct. 230, 76 L. Ed. 416, in construing a similar provision in an insurance policy:

"Here the obligation of the company does not rest upon the existence of the disability; but it is the receipt by the company of proof of the disability which is definitely made a condition precedent to an assumption by it of payment of the premiums becoming due after the receipt of such proof."

. Likewise, in the case at bar the obligation of the defendant to pay benefits as well as to waive premiums rested, not upon the existence of any disability, but rather upon receipt by the defendant of proof of such disability, which was definitely made a condition precedent to the assumption by it of any liability, either waiver of premiums or the payment of benefits. Where such condition prevails, it has been repeatedly held that there can be no recovery in the absence of a compliance with the condition upon which liability rests. See Franklin Life Insurance Co. v. Fisher, 164 Okla. 193, 23 P. 2d 151, and authorities cited and discussed in Mid-Continent Life Insurance Co. v. Harrison, supra.

In view of the conclusion thus reached, we deem it unnecessary to elaborate upon the authorities or to discuss the matter at any great length. The trial court proceeded properly when it sustained the demurrer and rendered the judgment which it did.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN, HURST, and DAVISON, JJ., concur.